**EASTERN CREDIT ASSOCIATION, INC.,**
**Assignee of Fire Safety Services,**
**Inc., Appellant,**

v.

**ESTATE of Frances D. BRAXTON, Appellee.**

**No. 3747.**

District of Columbia Court of Appeals.

Argued Oct. 11, 1965.

Decided Dec. 23, 1965.

---

2. The language of the Fourth Amendment applies to search and arrest warrants alike. See Beck v. State of Ohio, supra, n. 6.

Bernard D. Lipton, Washington, D. C., for appellant.

John H. Verchot, Washington, D. C., with whom Richard W. Galiher, William E. Stewart, Jr., and William H. Clarke, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order dismissing appellant's claim under the doctrine of res judicata. During the pendency of a prior action which appellant had brought against Frances D. Braxton, the defendant died. Her counsel promptly filed a suggestion of death but appellant failed to move for a substitution of parties. Thus, a little more than a year after the death, the court dismissed the case pursuant to Civil Rule 25(a)(1), which reads as follows:

> "If a party dies and the claim is not thereby extinguished the court within one year after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. * * *"

Shortly thereafter appellant filed this suit, based on the same cause of action, against Frances D. Braxton's estate, appellee herein. A motion to dismiss was made on the ground that the suit against the decedent constituted a bar to the claim against the estate. Appellant contends that the trial court erred in granting the motion.

It is clear that if appellant's first suit was dismissed on the merits, the second was barred by res judicata, for both were based on the same cause of action against defendants who were in privity with each other. We are thus faced with the question of whether the first dismissal was with or without prejudice.

Normally, a judgment for a defendant on the ground that the action is barred by a lapse of time is res judicata to another suit on the same cause of action in the same jurisdiction. Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464 (3rd Cir. 1950), cert. denied 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951). But does a dismissal for failure to substitute within the

time specified by Civil Rule 25(a)(1) have the same effect as a judgment based on the running of a statute of limitations? In 1947 the Supreme Court was called upon to determine the effect of Rule 25(a)(1) of the Federal Rules of Civil Procedure, 28 U.S. C.A., which was identical with the Court of General Sessions' rule, except that a two-year period for substitution was allowed. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947). Holding that there could be no enlargement of the time specified in the rule, the Court concluded that "Rule 25(a) operates both as a statute of limitations upon revivor and as a mandate to the court to dismiss an action not revived within the two year period." 329 U.S. at 485, 67 S.Ct. at 430. Thus finding the rule to be analogous to a statute of limitations, the Court went on to point out that "the normal policy of a statute of limitations is to close the door—finally, not qualifiedly or conditionally." 329 U.S. at 486, 67 S.Ct. at 431. To quote Barron & Holtzoff, "This would be strange language to use if the door can easily be opened by filing a new suit." 2 Barron & Holtzoff, Federal Practice and Procedure 425 (rules ed. 1961). We thus find that appellant's suit was barred by the dismissal of its first complaint.

This result is also required by the rationale behind Rule 25(a)(1) as expressed by the Supreme Court in the Anderson case, supra. There the Court stated:

" * * * The federal law embodied in Rule 25(a) has a direct impact on the probate of estates in the state courts. It should not be construed to be more disruptive of prompt or orderly probate administration in those courts than its language makes necessary." 329 U.S. at 486, 67 S.Ct. at 431.

A dismissal for failure to substitute should do more than merely require a plaintiff to seek a new place on the trial calendar; it should put an end to the litigation for all time.

■ Nevertheless, appellant would have us find Civil Rule 25(a) to be invalid and Anderson v. Yungkau, supra, to be without force. Federal Rule 25 was based on Section 778 of the Judicial Code. 28 U.S.C.A. § 778. But in 1948, one year after the Anderson decision, Section 778 was repealed. Thus the Fifth Circuit Court of Appeals in Perry v. Allen, 239 F.2d 107 (1956), decided that, as the rule no longer had a statutory basis, it was invalid as an abridgment of the substantive rights of a party. But the legislative history of the repeal of Section 778 shows that it was eliminated precisely because Federal Rule 25 had superseded it. H.R. Rep. No. 308, 80th Cong., 1st Sess. A239 (1947). The validity of the rule has been repeatedly upheld, with some courts openly repudiating the reasoning of Perry v. Allen, supra. Downie v. Pritchard, 309 F.2d 634 (8th Cir. 1962), affirming Pritchard v. Downie, 201 F.Supp. 893 (E.D.Ark.1962); Starnes v. Pennsylvania Railroad Company, 295 F.2d 704, (2d Cir. 1961), D.C., 26 F.R.D. 625, cert. denied 369 U.S. 813, 82 S.Ct. 688, 7 L.Ed.2d 612 (1962); Iovino v. Waterson, 274 F.2d 41, 79 A.L.R.2d 519 (2d Cir. 1959), cert. denied Carlin v. Iovino, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960); Bush v. Remington Rand, 213 F.2d 456 (2d Cir. 1954), cert. denied 348 U.S. 861, 75 S.Ct. 85, 99 L.Ed. 679 (1954); Zdanok v. Glidden Company, Durkee Famous Foods Div., 28 F.R.D. 346 (D.C.S.D.N.Y.1961).

■ Furthermore, the above considerations notwithstanding, the trial court was required to dismiss appellant's second complaint under the doctrine of res judicata by force of Civil Rule 41(b), which provides:

" * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for lack of an indispensable party, operates as an adjudication upon the merits."

The order dismissing appellant's first action did not state that it was without prejudice. The dismissal was thus res judicata to any further action based on the same claim against one in privity with the original defendant. See Williamson v. Columbia Gas & Electric Corp., supra, at 186 F.2d 467, n. 6 and Barron & Holtzoff, supra, at 425, n. 20.8.

Affirmed.