(617 P.2d 1270)

No. 80-51011-A

CLEO LONG, *Appellant,* v. JAMES M. RIGGS, CONNIE A. RIGGS, KENNETH BORDERS and JAMES B. NUTTER & COMPANY, a Corporation, *Appellees.*

Opinion filed October 17, 1980.

*Edward V. Byrne,* of Olathe, for the appellant.

*P. Stephen Martin,* of Bennett, Lytle, Wetzler, Winn & Martin, of Prairie Village, for the appellees James M. Riggs and Connie A. Riggs.

Before FOTH, C.J., SWINEHART, J., and HARMAN, C.J. Retired, sitting by designation.

SWINEHART, J.: This is an appeal from a summary judgment entered in favor of the defendants James M. Riggs and Connie A. Riggs, in an action to foreclose a mechanic's lien.

The issue on appeal is whether the mechanic's lien filed by the plaintiff Cleo Long satisfied the pertinent statute. The trial court had determined that the lien statement was fatally defective because it was not reasonably itemized as required by K.S.A. 60-1102(*a*).

Summary judgment in favor of the defendants was entered on February 14, 1979, and a notice of appeal was filed on March 12, 1979. The plaintiff died on February 10, 1980, while this case was pending on appeal, and no substitution of party plaintiff has been made since that date. The defendants filed a suggestion of death with this court on July 30, 1980, informing it of the plaintiff's death. Plaintiff's counsel made no response thereto before oral arguments on August 25, 1980.

Although the question of appellate jurisdiction of this case has not been raised by the defendants, we have the duty to do so, and when jurisdiction is lacking the appeal must be dismissed. *Smith v. Williams,* 3 Kan. App. 2d 205, 592 P.2d 129, *rev. denied* 226

Kan. 792 (1979); *Henderson v. Hassur,* 1 Kan. App. 2d 103, 562 P.2d 108 (1977).

At oral arguments on the appeal, plaintiff's counsel was provided the opportunity to submit a brief to this court informing it why the appeal should not be dismissed due to the failure to substitute a party after plaintiff's death. In his memorandum the plaintiff's attorney contends the requirement for substitution of parties contained in K.S.A. 60-225 is not applicable because it pertains only to cases pending in the district court, and no similar provisions are mandated for the appellate courts. K.S.A. 60-225(*a*) provides:

"(*a*) *Death of party.* (1) *Where claim not extinguished.* If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

According to the above analysis, then, since the case was appealed prior to the death of the plaintiff, this court has appellate jurisdiction.

We disagree with the argument advanced by plaintiff's counsel. While K.S.A. 60-201 does provide that the scope of Article 2 of the Kansas Rules of Civil Procedure governs procedures in the district courts of Kansas, other than Chapter 61 actions, and also governs original proceedings in the Supreme Court on appeal, this fact alone does not eliminate the requirement of compliance with K.S.A. 60-225(*a*) regarding substitution of parties. A quick review of the rules contained in Article 2 demonstrates that although their applicability may be limited as provided in K.S.A. 60-201, their impact is often felt beyond district court actions and carries over into the appellate arena. For example, K.S.A. 60-261 contains the harmless error rule and K.S.A. 60-252(*a*) sets forth the scope of review for findings of the trial court. One commentator, remarking upon provisions of K.S.A. 60-265 which also addresses the applicable scope of Article 2, recognizes that some of the procedures, although not specifically imposed upon the appellate court, might nevertheless be applicable:

"While the section is silent as to the applicability of any of the rules with respect to appellate procedure, the applicability is apparent in such matters as the control over supersedeas bonds, stays of execution, temporary restraints, correction of clerical errors in judgments, and the like, during the appellate stage of the litigation. These matters are representative of the broad inherent power, and making them expressly applicable to appellate procedure is quite unnecessary, as is the case of many other areas where the inherent judicial authority of the court will prevail, even as against an express legislative regulation." Gard's Kansas C. Civ. Proc. 2d § 60-265 (1979).

Without question K.S.A. 60-225(*a*) is necessary to apprise all parties of facts which may have a substantial impact upon the further prosecution of a lawsuit, especially because substitution of parties is intertwined with the question of what substantive rights survive beyond death. Such notification must be provided within a reasonable time so that the other parties are not subjected to long delays in prosecution or termination of a lawsuit. We find that these considerations inherent in K.S.A. 60-225(*a*) are as relevant to cases on appeal as they are to actions in the district courts. Accordingly, a substitution was necessary after the suggestion of death on the record had been filed. We further find that nearly seven months had elapsed between the time of the plaintiff's death and oral argument, and no substitution of parties was effectuated. This is an unreasonable period of time and under these circumstances the plaintiff's appeal is dismissed.

We do not find the foreign authorities set forth in the plaintiff's memorandum as alleged support for the opposite conclusion to be persuasive. For example, *Roberts v. Roberts*, 525 S.W.2d 268, 270 (Tex. Civ. App. 1975), did state "if a party in a cause dies after rendition of judgment, and before the cause has been finally disposed on appeal, that the appeal may be perfected to the Court of Civil Appeals or Supreme Court, and such Courts shall proceed to adjudicate such cause and render judgment as if all the parties were living, and such judgment shall have the same force and effect as if rendered in the lifetime of the parties thereto." Counsel fails to mention, however, that this disposition was specifically required by Rule 369a of the Texas Rules of Civil Procedure, which clearly distinguishes it from the case at hand.

Plaintiff's alternative motion, contained in his supplemental memorandum filed after oral arguments, for a reasonable time to make a substitution of parties is also denied. Although the suggestion of death was filed as late as July 30, 1980, the plaintiff's

death occurred over five months prior thereto. Proceedings for the appointment of a personal representative should have been instituted shortly after the death, and the motion for substitution made even before the suggestion of death. The statute speaks of "a reasonable time," which to us implies a requirement of due diligence. Here, the first step toward appointing a representative who could be substituted had not been taken, even as of the time of plaintiff's post-argument memorandum. The motion for time to file a motion for substitution was not made within a reasonable time, and under the statute, we are required to dismiss the action.

Appeal dismissed.