(673 P.2d 1197)
No. 55,565

CRAIG WAYNE LIVINGSTON, *Appellee,* v. THE ESTATE OF LEONARD B. BIAS THROUGH HIS PERSONAL REPRESENTATIVE, ESTHER BIAS, *Appellant.*

Opinion filed January 5, 1984.

*Charles L. Davis, Jr.* and *James G. Keller,* of Davis, Unrein, Hummer & McCallister, of Topeka, for the appellant.

*Ira Dennis Hawver,* of Hawver & Irigonegaray, P.A., of Topeka, for the appellee.

Before FOTH, C.J.; TERRY L. BULLOCK, District Judge, Assigned; and FREDERICK WOLESLAGEL, District Judge, Retired, Assigned.

FOTH, C.J.: The issue in this case is whether a new suit may be filed when a prior suit on the same cause of action has been dismissed under K.S.A. 60-225(*a*)(1) for failure to substitute a proper party within a reasonable time after the defendant's death was suggested upon the record. We hold that it may not.

Plaintiff Craig Livingston first filed suit against Leonard Bias on May 25, 1978, for injuries sustained in a 1976 automobile accident. Bias, the defendant in that suit, died March 2, 1980, a resident of Missouri. A suggestion of death appeared in a pretrial order of June 2, 1980. In September, 1980, plaintiff filed a motion to have the defendant's insurer declared the real party in interest—a motion which the trial court treated as a motion to substitute. That motion, together with a motion to dismiss, was considered in December, 1980. On January 5, 1981, the motion to substitute the insurance company was denied and the case was dismissed for failure to substitute a proper party defendant within a reasonable time. On appeal this court affirmed. *Living-*

*ston v. Bias,* 7 Kan. App. 2d 287, 640 P.2d 362 (1982) (*Livingston I*).

In the meantime plaintiff filed this action on June 12, 1981, naming as defendant the estate of the decedent Bias. Plaintiff also took steps to have the decedent's widow appointed as administratrix in Missouri, and she was served with summons. She filed a motion to dismiss which was overruled. Plaintiff eventually recovered a judgment for $12,250, and the estate brings this appeal.

The case depends on the interplay of three statutes: K.S.A. 60-518, K.S.A. 60-225(*a*)(1), and K.S.A. 1982 Supp. 60-241(*b*). The first provides:

"If any action be commenced within due time, and the plaintiff fail in such action *otherwise than upon the merits,* and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." K.S.A. 60-518. Emphasis added.

To avail himself of this statute plaintiff in this suit was required to show that the dismissal in *Livingston I* was "otherwise than upon the merits." The trial court held it was, presumably because there was never an adjudication of fault or damages in that case as is customary in the usual decision "on the merits."

There are, however, other dispositions which operate as adjudications "upon the merits" even though they do not fit the customary pattern. Here we had an involuntary dismissal under K.S.A. 60-225(*a*)(1). As we noted in *Livingston I*:

"Substitution of parties and revivor of actions are different names for the same thing. The revivor of an action is in fact the substitution of new parties who have the right, under the substantive law, to go ahead with the prosecution or defense of the claim. Where an action has been commenced and a necessary party to the action dies, a procedure is required to bring into court the persons who have become, by right of succession under the substantive law, the real parties in interest. If such is not accomplished within a reasonable time, the action abates and is dismissed unless it is one of those referred to in K.S.A. 60-225(*a*)(2)." 7 Kan. App. 2d 287, Syl. ¶ 1.

In determining whether to dismiss under that statute the trial court has discretion to determine what is a reasonable time to move for substitution, but after determining that a reasonable time has expired without action it has no alternative but to dismiss.

The third relevant statute is K.S.A. 1982 Supp. 60-241(*b*). Plaintiff argues that the subsection covers only dismissals after

trial to the court. This misreads the statute. It authorizes four different kinds of involuntary dismissals and also spells out the effect of dismissals, both under 60-241(*b*) and under other authority. An involuntary dismissal may be ordered under 60-241(*b*) for "failure of the plaintiff [1] to prosecute or [2] to comply with these sections [the rules of civil procedure] or [3] any order of the court" or [4] for failure to make a prima facie case in a trial to the court. Thus the subsection is not, as plaintiff suggests, limited to the fourth kind of dismissal. The subsection concludes:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and *any dismissal not provided for in this section,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under K.S.A. 60-219, *operates as an adjudication upon the merits."* Emphasis added.

The balance of 60-241 ("this section") covers voluntary dismissals in subsection (*a*), counterclaims and the like in (*c*), and costs in (*d*). The dismissal of *Livingston I* was under K.S.A. 60-225(*a*)(1), and not under any of the provisions of 60-241. It therefore was covered by the language of 60-241(*b*), "any dismissal not provided for in this section," and it was not a dismissal for lack of jurisdiction, improper venue, or failure to join a party.

Under what we perceive to be the plain language of 60-241(*b*), a dismissal not under section 60-241 and not within one of its exceptions "operates as an adjudication on the merits" unless the order for dismissal "otherwise specifies." The order dismissing *Livingston I* was not under 60-241 and did not otherwise specify, and therefore was an adjudication upon the merits of that action.

Although cases in point are scarce, our conclusion is supported by at least two federal cases. *Costello v. United States,* 365 U.S. 265, 5 L.Ed.2d 551, 81 S.Ct. 534 (1961), dealt with the closely comparable Federal Rule 41(b). There a prior denaturalization proceeding had been dismissed for failure of the government to file a required affidavit of good cause. It was contended that the prior dismissal operated as an adjudication on the merits under the "not provided for under this rule" clause of Rule 41(b). The court held that the required affidavit was "jurisdictional," and thus the first dismissal fell within the lack-of-jurisdiction exception. It went on to explain the policy grounds for distinguishing between dismissals which do and those which do not operate as an adjudication on the merits:

"All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. In defining the situations where dismissals 'not provided for in this rule' also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable. Thus a sua sponte dismissal by the Court for failure of the plaintiff to comply with an order of the Court should be governed by the same policy. Although a sua sponte dismissal is not an enumerated ground, here too the defendant has been put to the trouble of preparing his defense because there was no initial bar to the Court's reaching the merits." 365 U.S. at 286-87.

In the present case there was no initial bar to the court's reaching the merits of *Livingston I,* and the defendant prepared his defense for almost two years. Indeed, the case actually went to trial (resulting in a hung jury) some six months after the original defendant died, at a time when there was no defendant. Under the policy rationale of *Costello* as well as the literal reading of 60-241(*b*) the dismissal was an adjudication on the merits.

Our conclusion also finds support in *Eastern Credit Association, Inc. v. Braxton's Estate,* 215 A.2d 485 (D.C. 1965), a case factually very close to this one. There the first action had been dismissed for failure to substitute for the deceased defendant within one year, the time limit imposed by Federal Rule 25(a) at that time. The second suit, against the defendant's estate, was dismissed under the doctrine of res judicata. On appeal the question was defined as whether the first dismissal was on the merits. The court concluded it was, for two reasons. First, it found that Rule 25(a), paralleling K.S.A. 60-225(*a*), was under federal interpretation analogous to a statute of limitations, so that once a cause of action was found to be barred that determination was conclusive in a later suit on the same claim. It observed:

"A dismissal for failure to substitute should do more than merely require a plaintiff to seek a new place on the trial calendar; it should put an end to the litigation for all time." 215 A.2d at 487.

The second reason the second suit was barred was based on

Rule 41(b). After quoting the language of the rule comparable to the last sentence of our 60-241(*b*), the court concluded:

"The order dismissing appellant's first action did not state that it was without prejudice. The dismissal was thus res judicata to any further action based on the same claim against one in privity with the original defendant." 215 A.2d at 488.

In this case the dismissal of *Livingston I* did not state it was without prejudice. Under K.S.A. 1982 Supp. 60-241(*b*) it therefore operated as an adjudication on the merits. The six-month grace period of K.S.A. 60-518 for cases dismissed *other* than on the merits did not apply and the trial court erroneously overruled defendant's motion to dismiss this case.

The judgment is reversed and the case is remanded with directions to dismiss the petition with prejudice.