■ WALFRED CORPORATION, Appellant, v ALB-INN INC. et al., Defendants, and EDWARD L. FABIAN, Doing Business as FABIAN MANAGEMENT COMPANY, et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered October 10, 1990 in Albany County, which dismissed the complaint against defendants Edward L. Fabian and E. David Rosen for lack of prosecution.

Plaintiff commenced this action against defendants Edward L. Fabian and E. David Rosen (hereinafter collectively referred to as defendants), among others, for injunctive relief and damages for the allegedly tortious discharge by artificial means of drainage water onto plaintiff's property. Issue was joined in July 1978. Fabian had died three years earlier;

Rosen died in 1982. In November 1989, Supreme Court granted plaintiff's motion to restore the action to the trial calendar. Thereafter, however, the court was informed by letter and affidavit from defendants' former attorney that both Fabian and Rosen were deceased, that Fabian's estate had been administered and wound up, and that Rosen's estate remained open due to insolvency. As no substitution of defendants' respective estates or successors in interest had been sought by plaintiff or by any of the other defendants, Supreme Court dismissed the complaint for lack of prosecution against defendants without costs. Plaintiff appeals. We affirm.

If a party dies and the claim against them is not thereby extinguished, substitution of the proper party is to be ordered by the court (CPLR 1015). The substitution procedure is set forth in CPLR 1021, which provides in relevant part that: "If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate." Furthermore: "if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed." (CPLR 1021; *see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1021:2, at 224-225.) Inasmuch as plaintiff wants a judgment in this action to bind defendants' estates, it must "assure that a proper substitution is made for the decedent" (Siegel, NY Prac § 184, at 277 [2d ed]; *see, Butts v Marx,* 148 Misc 2d 405, 406).

Supreme Court informed the surviving parties that it was inclined to grant dismissal as to defendants and requested they submit written responses regarding their positions; although all objected, none, including plaintiff, offered any reason for the inordinate delay or moved for substitution of either defendant. We note that a portion of Rosen's deposition included in the record indicates that plaintiff, and presumably certain of the other defendants, knew as of August 1980 that Fabian had passed away. Moreover, defendants' prior counsel averred, and it is uncontradicted, that "all persons having any possible *personal* knowledge of the facts and circumstances in connection with the defense of this action insofar as they are concerned have departed from the scene" (emphasis in origi-

nal). Clearly, in these circumstances allowing plaintiff's case to continue against defendants would result in prejudice *(cf., Egrini v Brookhaven Mem. Hosp.,* 133 AD2d 610). Given the foregoing, and the added fact that Supreme Court has not been apprised as to the merits of this action, the court cannot be faulted for exercising its discretion in favor of dismissing the complaint as to defendants *(see,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1021.08; *Dorney v Reddy,* 45 AD2d 754, 755; *Ruderman v Feffer,* 10 AD2d 704; *Meier v Shively,* 10 AD2d 566).

We have examined the parties' other arguments, including defendants' contention that plaintiff's appeal is frivolous, having been undertaken without any expectation of success *(cf., Liker v Grossman,* 175 AD2d 911), and find them lacking in merit.

Casey, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.