■ ROBERT SUCIU, Respondent, v CITY OF NEW YORK, Defendant, and BROADWAY HOLDING Co. et al., Appellants. [657 NYS2d 1007] —In an action to recover damages for personal injuries, the defendants Broadway Holding Co. and Mega Marts, Inc. appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated May 16, 1996, which denied their motion, in which the defendant City of New York joined, to dismiss the complaint for failure to substitute the estate of the deceased plaintiff as the proper party plaintiff within a reasonable time and granted the administrator's cross motion to be substituted as a party plaintiff.

Ordered that the appeal from so much of the order dated May 16, 1996, as denied that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant City of New York is dismissed, as the appellants are not aggrieved thereby; and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, with costs, and that branch of the appellants' motion which was to dismiss the complaint with prejudice insofar as asserted against them is granted; as so modified, the order is affirmed insofar as reviewed, and the action against the remaining defendant is severed.

In light of the five-year delay in obtaining letters of administration, the delay in seeking substitution, the failure to offer any excuse for the delay, the absence of any affidavit of merit, and the prejudice to the appellants, we find that the Supreme Court improvidently exercised its discretion in denying the motion to dismiss the complaint insofar as asserted against them (see, CPLR 1021; *Mansfield Contr. Corp. v Pras-*

*sas,* 183 AD2d 878, 879; *Walfred Corp. v Alb-Inn Inc.,* 178 AD2d 811, 812-813; *Egrini v Brookhaven Mem. Hosp.,* 133 AD2d 610; *Dorney v Reddy,* 45 AD2d 754). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.