DENYSE McDONNELL, Respondent, v DENNIS L. DRAIZIN, Appellant. [808 NYS2d 398]—

In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated April 11, 2005, which granted the motion of Denyse McDonnell, as executrix of the estate of Donald R. McErlean, for leave to substitute her for the deceased plaintiff Donald R. McErlean, and denied the defendant's cross motion, inter alia, to dismiss the complaint pursuant to CPLR 1021.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed, with prejudice.

The Supreme Court improvidently exercised its discretion in permitting the substitution of Denyse McDonnell as the plaintiff for Donald R. McErlean after an unreasonably long delay. This action, which was commenced in 1994, was based upon alleged medical malpractice committed in 1992. Mr. McErlean's wife, the former plaintiff Helen D. McErlean, died in 1995. The plaintiff's counsel failed to apprise the Supreme Court or the defendants of her death, and her derivative claims were dismissed in November 1997. Mr. McErlean died on January 17, 2001. Denyse McDonnell was issued letters testamentary on April 27, 2001. However, again, the plaintiffs' counsel was remiss in notifying the Supreme Court or its adversary of Mr. McErlean's death. It was not until the fall of 2003, in opposition to the defendant's motion to dismiss for failure to prosecute, that Mr. McErlean's death was revealed. Substitution of Denyse McDonnell for Donald R. McErlean was not sought until January 2005.

CPLR 1021 requires a motion for substitution to be made within a reasonable time. The determination of reasonableness requires consideration of several factors, including the diligence

of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has merit (*see Suciu v City of New York,* 239 AD2d 338 [1997]; *Mansfield Contr. Corp. v Prassas,* 183 AD2d 878 [1992]). Upon consideration of these factors, the substitution should not have been allowed. Accordingly, the complaint should have been dismissed (*see Giroux v Dunlop Tire Corp.,* 16 AD3d 1068 [2005]; *Suciu v City of New York, supra; Mansfield Contr. Corp. v Prassas, supra*).

In light of our determination, we need not reach the defendant's remaining contention. Cozier, J.P., Ritter, Goldstein and Lifson, JJ., concur.