(242 P.3d 253)
No. 102,789

RICH GRAHAM and LISA GRAHAM, *Appellees*, v. ANGELA HERRING
AS ADMINISTRATOR FOR THE ESTATE OF ELIZABETH A. JONES,
*Appellant*.

Opinion filed
November 24, 2010.

*Amy S. Lemley, Stephen M. Kerwick*, and *Bradley C. Mirakian*, of Foulston
Siefkin LLP, of Wichita, for appellant.

*Gregory C. Graffman, Theodore C. Geisert*, and *Curtis E. Watkins*, of Geisert,
Wunsch, Watkins & Graffman, of Kingman, for appellees.

Before LEBEN, P.J., PIERRON, J., and BUKATY, S.J.

LEBEN, J.: Before her death, Elizabeth Jones brought several
legal claims against Rick and Lisa Graham. After Jones' death, the
Grahams filed a notice in court that Jones had died, triggering a
requirement that any successor to Jones' claim ask within a rea-
sonable time to be substituted for Jones in the suit. See K.S.A. 60-
225(a)(1). When more than 9 months had gone by after Jones'
death, the Grahams filed to dismiss the lawsuit.

Angela Herring was appointed the administrator of Jones' estate
shortly after the Grahams filed their dismissal motion, and on the
day she was appointed, Herring filed a motion to substitute her for
Jones. But the district court instead dismissed Jones' claims based
on its finding that Herring had not sought to substitute herself for
Jones within a reasonable time after her death.

A statute, K.S.A. 60-225, determines how and when a party may be substituted for someone who dies while a suit is pending. On appellate review, we review the interpretation of a statute independently, without any required deference to the district court's reading of it. See *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, Syl. ¶ 6, 166 P.3d 1047 (2007). Determining whether an action has been taken within a reasonable time, however, asks for application of the district court's judgment. Its call will not be disturbed absent an abuse of discretion, meaning that no reasonable person would have agreed with its decision. See *Unruh v. Purina Mills, LLC*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009) (discretionary decision of district court must be upheld if reasonable persons might agree with it); *Livingston v. Estate of Bias*, 9 Kan. App. 2d 146, 147, 673 P.2d 1197 (1984) (district court has discretion to determine what is a reasonable time under K.S.A. 60-225[a]). Even so, if the district court has misinterpreted the statute when making its judgment call, it necessarily abuses its discretion by applying an incorrect legal standard. *In re Marriage of Wilson*, 43 Kan. App. 2d 258, 259, 223 P.3d 815 (2010).

Our case hinges on an understanding of K.S.A. 60-225(a)(1). It provides for the substitution of parties after a death, but it also provides that a party's claims shall be dismissed if the motion for substitution of parties isn't made within a reasonable time:

"If a party dies and the claim is not extinguished, the court must on motion order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within a reasonable time after service of a statement noting the death, the action by or against the decedent must be dismissed." K.S.A. 2010 Supp. 60-225(a)(1). See L. 2010, ch. 94, sec. 135.

(For convenience, we have quoted the statute in its present form. The 2010 Kansas Legislature made minor changes, such as changing "shall" to "must," that do not affect any of the issues discussed in this opinion.) Under the statute, the motion to substitute parties must be made within a reasonable time after service of a statement by the other party noting the death. In our case, the Grahams filed such a statement on July 2, 2007. Herring did not file a motion to

substitute herself, as the administrator of Jones' estate, until May 6, 2008, more than 10 months later.

The Grahams note three cases (two unpublished) finding a shorter time period unreasonable. See *Long v. Riggs*, 5 Kan. App. 2d 416, 419, 617 P.2d 1270 (1980) (filing of motion to substitute 6 months after suggestion of party's death not reasonable); *Ellison v. Mano Industries, Inc.*, 2006 WL 1237270, at *5-6 (Kan. App. 2006) (unpublished opinion), *rev. denied* 282 Kan. 788 (2006) (same, 8 months); *Johnson v. Kansas Farm Bureau Mut. Ins. Co., Inc.*, 2005 WL 697495, at *2 (Kan. App. 2005) (unpublished opinion) (same, 9 months). But we do not believe that any bright-line test can be applied when determining what's a reasonable time period under K.S.A. 60-225. The parallel federal rule has a specific 90-day deadline, Fed. R. Civ. Proc. 25(a)(1), but the comparable Kansas statute does not provide similar specificity. In that circumstance, courts should not take on the legislative function of developing a bright-line time deadline when our legislature chose not to have one. See *Needham v. Young*, 205 Kan. 603, 606, 470 P.2d 762 (1970) ("A reasonable time is not a precise period . . . .").

We must then determine how a district court should go about determining whether a substitution motion has been made within a reasonable time. Generally when a court considers whether an action has been taken within a reasonable time, the court considers all the circumstances that might be relevant. For example, in *In re Marriage of Leedy*, 279 Kan. 311, 109 P.3d 1130 (2005), the court considered whether a party had sought relief within a reasonable time, as required by K.S.A. 60-260(b) (now [c][1]). In that situation, the court considered whether the opposing party would be prejudiced by the delay and whether the moving party had shown good cause for failing to take action sooner. 279 Kan. at 324. In a similar case, our court considered the interest in finality of the judgment, the reason for delay in bringing the motion, the practical ability of the litigant to have acted sooner, and prejudice to the opposing party. *In re Marriage of Larson*, 19 Kan. App. 2d 986, 996, 880 P.2d 1279 (1994) *aff'd* 257 Kan. 456, 894 P.2d 809 (1995). In other types of civil cases in which considerations of reasonableness were at issue, Kansas courts have considered all circumstances

of the case, including a set of specified factors, *Idbeis v. Wichita Surgical Specialists, P.A.*, 279 Kan. 755, Syl. ¶ 2, 112 P.3d 81 (2005) (determining whether a noncompetition clause was reasonable), or the purpose of the time limit at issue and the overall circumstances of the case, *Newmaster v. Southeast Equipment, Inc.*, 231 Kan. 466, 471, 646 P.2d 488 (1982) (determining whether an attempt to repair defective product was made within a reasonable time).

There are very few published opinions on our specific issue—how a court should determine what is a reasonable time for filing a motion to substitute after a party dies—because the parallel federal rule has a specific time limit (though subject to extension under Fed. R. Civ. Proc. 6[b]) and most state rules are based upon the federal rule. But in New York, under a rule similar to K.S.A. 60-225(a) in requiring the filing of a substitution motion within a reasonable time, the court must consider all the circumstances, "including the diligence of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has merit." *McDonnell v. Draizin*, 24 App. Div. 3d 628, 629, 808 N.Y.S.2d 398 (2005).

Considering these precedents, we conclude that a determination of whether an action has been taken within a reasonable time requires consideration of the circumstances of each case. When considering whether a motion to substitute has been filed within a reasonable time after a notice of death has been filed with the court, specific consideration should be given to the diligence of the party seeking substitution, whether any other party would be prejudiced by any delay, and whether the party to be substituted has shown that the action or defense has merit. The first two factors are clearly relevant in determining whether something has been done within a reasonable time under the circumstances; the third has increasing relevance as the delay becomes more significant. *Cf. Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 534, 216 P.3d 158 (2009) (noting that whether a party has a valid claim or defense is considered when deciding whether to set aside a default judgment and whether to add a contingently necessary party).

Two aspects of the district court's ruling convince us that it did not apply these principles. First, the district court emphasized the delay between the filing of the substitution motion and when that motion was heard. K.S.A. 60-225(a) requires the *filing* of the motion be within a reasonable time, not the hearing of the motion. The district court can rule on a motion without a hearing if no party requests one. Supreme Court Rule 131(a) (2010 Kan. Ct. R. Annot. 218) and Rule 133(c) (2010 Kan. Ct. R. Annot. 219). In the absence of the moving party's failure to serve the motion on opposing parties or some other suggestion of bad faith by the movant, delay between the filing of the motion and its hearing is not a relevant factor under K.S.A. 60-225(a). Second, the district court explicitly refused to consider whether other parties would be prejudiced by the delay in filing the substitution motion. We believe that is a factor that must be considered.

The district court's refusal to consider prejudice had support from an unpublished decision of our court, *Johnson v. Farm Bureau Mut. Ins. Co., Inc.*, 2005 WL 697495 (Kan. App. 2005), in which our court affirmed a district court's determination that a motion to substitute hadn't been filed within a reasonable time. In *Johnson*, a panel of our court concluded that because prejudice wasn't referenced in K.S.A. 60-225(a), it shouldn't be considered: "There is no language [in the statute] that even implies that prejudice should be a consideration for the trial court, and we are unwilling to read something into the statute when it was clearly not intended by the legislature." 2005 WL 697495, at *2. We cannot agree with the *Johnson* panel's conclusion that a failure to list prejudice in the statute as a factor to be considered means it is not relevant.

What is a reasonable time necessarily differs based on the circumstances at hand, and there's no reason for a statutory provision limiting ability to take an action to a "reasonable time" should list all the circumstances that might be considered. As we've already noted, under K.S.A. 60-260(c), which requires that a motion for relief from a court's final judgment be made within a reasonable time, our Supreme Court has expressly said that a district court should consider whether the opposing party would be prejudiced

by any delay. *In re Marriage of Leedy*, 279 Kan. at 324. But K.S.A. 60-260(c), like K.S.A. 60-225(a), makes no explicit mention of prejudice. A rule similar to K.S.A. 60-225(a) is found in K.S.A. 60-217(a)(3) (L. 2010, ch. 94, sec. 84), which provides that an action may not be dismissed for failure of the inclusion of the real party in interest "until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." While there are no published Kansas decisions saying whether prejudice from delay in substituting the real party in interest is to be considered under our statute, federal caselaw under its parallel rule routinely considers prejudice as a factor even though the federal rule doesn't mention prejudice. *E.g., Esposito v. United States*, 368 F.3d 1271, 1276-77 (10th Cir. 2004) (trial courts should focus on whether failure to name proper party was a tactical maneuver to gain advantage and whether substituting party at time of motion would prejudice opposing party). We would also note that because the Kansas civil-procedure rules are based upon the federal rules, our courts have generally found federal precedents persuasive. See *Rebarcheck v. Farmers Co-Op Elevator & Mercantile Ass'n*, 272 Kan. 546, 552, 35 P.3d 892 (2001). Whether prejudice would result from a late substitution of parties is a relevant consideration under either K.S.A. 60-225(a), which applies when a death has occurred, or K.S.A. 60-217(a), which applies when a party has simply named the wrong party, even though neither statute mentions prejudice.

In sum, the district court's ruling on the substitution motion emphasized the delay in the court's own consideration of that motion without any finding that this delay was due in any way to bad faith by Herring, and its ruling was made without considering whether the Grahams were prejudiced by the timing of the motion's filing. In doing so, the district court applied an incorrect legal standard and therefore necessarily abused its discretion.

We recognize that there is much more to the procedural history of this case than we have set out in this opinion. The underlying lawsuit was initially filed by the Grahams under the Kansas Protection from Stalking Act, K.S.A. 60-31a01 *et seq.*, and Jones' claims were filed as counterclaims in the stalking suit. (Neither

party has suggested any procedural bar to the assertion of Jones' claims as counterclaims to a stalking petition.) Well after Jones' death, the district court initially approved Herring as a substitute party and granted default judgment against the Grahams. The ruling we have discussed in this opinion—in which the court denied substitution and dismissed Jones' claims—came on a motion to reconsider. We briefly note these additional procedural aspects of the case simply to explain that there are many facts that the district court may consider on remand when determining whether the request to substitute Herring as the successor to Jones was made within a reasonable time. It is the district court's task, not ours, to make that determination under the standards we've set out in this opinion.

The judgment of the district court is reversed, and the case is remanded for further consideration consistent with this opinion.