No. 111,823

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROGER HOLLISTER (REBECCA HOLLISTER),
*Appellant*,

v.

JAMES HEATHMAN,
*Appellee*.

SYLLABUS BY THE COURT

1.

The reasonable time period for filing a motion for substitution under K.S.A. 2013 Supp. 60-225(a)(1) starts when a party or a decedent's successor or representative properly serves a suggestion of death on the record.

2.

The relevant time period for determining the reasonableness of a delay in substituting a party under K.S.A. 2013 Supp. 60-225(a)(1) commences with the proper service of the statement noting death and ends with the filing of the motion for substitution.

3.

A trial court abuses its discretion when it incorrectly calculates the relevant time period for determining the reasonableness of a delay in substituting a party under K.S.A. 2013 Supp. 60-225(a)(1).

Appeal from Shawnee District Court; LARRY HENDRICKS, judge. Opinion filed March 6, 2015. Reversed and remanded.

1

*Rebecca Hollister*, appellant pro se.

*Brian A. Tillema*, of Lee's Summit, Missouri, for appellee.

Before STANDRIDGE, P.J., GREEN, J., and JOHNSON, S.J.

GREEN, J.: Roger Hollister sued his former attorney, James Heathman, for legal malpractice under the Kansas Consumer Protection Act. Following Roger's death, Heathman filed a suggestion of death with the trial court. Shortly afterward, Heathman moved to dismiss for failure of Roger's successor or representative to substitute a party within a reasonable time after the service of the statement noting Roger's death. The trial court ultimately granted Heathman's motion to dismiss for failure to substitute a party within a reasonable time. In her pro se brief, Rebecca Hollister, Roger's wife, argues that because she was not properly served with the notice of suggestion of death, the trial court abused its discretion when it granted Heathman's motion to dismiss for failure to substitute a party within a reasonable time. Finding merit in Rebecca's argument, we reverse and remand this matter for further proceedings.

Roger Hollister brought a pro se legal malpractice action under the Kansas Consumer Protection Act against his former attorney, James Heathman. On March 20, 2013, while his action was still pending, Roger died. Heathman's attorney filed a suggestion of death in the trial court on March 27, 2013. Heathman's attorney also served the suggestion of death on the former attorney of Rebecca Hollister, Roger's wife, on March 27, 2013. On April 21, 2013, Heathman moved to dismiss the malpractice action, without prejudice, because Rebecca had failed to substitute a party after the death of her husband. Similar to the suggestion of death pleading, Heathman's attorney also served the motion to dismiss on Rebecca's former attorney. On May 1, 2013, Rebecca wrote the trial judge a letter. This letter is not included in the record. The trial judge's response to Rebecca's letter, however, is included in the record. The trial judge wrote both Rebecca

2

and Heathman and told them that he would consider Rebecca's letter as a "Motion for Substitution of the Proper Party" and that he would schedule a status conference.

At the status conference on May 20, 2013, the trial judge discussed Rebecca's motion. The trial judge discussed the consequences of Rebecca being substituted as a party in Roger's action. The trial judge also asked Rebecca if it was still her intent to be substituted as the party in Roger's lawsuit. Rebecca responded, "Yes." Before accepting the motion and ordering Rebecca to be substituted as a party, Heathman's attorney told the trial court that the language in Rebecca's motion was improper. Heathman's attorney explained that Rebecca needed to substitute the "personal representative" of Roger's estate and not herself as the proper substituted party.

In agreeing with Heathman's attorney, the trial judge explained to Rebecca that she would need to substitute Roger's estate to continue with his action. At the beginning of the status conference, Rebecca had asked the trial court to grant her 90 days to hire an attorney. The trial judge granted Rebecca 90 days to open a probate estate for Roger, substitute the personal representative of the estate, hire an attorney, and respond to Heathman's motions. The trial judge stayed all requests and motions until the proper party was substituted and warned Rebecca that he would grant Heathman's motion to dismiss if she failed to take these actions within 90 days.

Though not included in the record, both parties agree that Rebecca moved for and was granted an additional 2-week extension to open Roger's estate and to substitute it as the proper party on August 8, 2013. On August 15, 2013, Rebecca filed a "Petition for Probate of Will and Issuance of Letter Testamentary," which was scheduled for hearing on September 27, 2013.

On September 6, 2013, the trial court held another status conference. At that hearing, the trial judge found that Rebecca had not moved to substitute a party. He also

3

found that it had been 5 months since Heathman's attorney filed the notice of suggestion of death. The trial court held that a reasonable time had elapsed since the filing of the notice of "Suggestion of Death" in accordance with K.S.A. 2013 Supp. 60-225(a)(1). As a result, the trial court dismissed the action.

Following this hearing, Rebecca moved for the trial court to reconsider its dismissal. Rebecca also moved to substitute parties. The trial court denied both motions.

*Did the Trial Court Err When It Granted Heathman's Motion to Dismiss for Failure to Substitute a Party Within a Reasonable Time?*

Rebecca contends that the trial court abused its discretion in how it applied K.S.A. 2013 Supp. 60-225 in her effort to substitute a party in her husband's action. Because this issue involves the interpretation of a statute, our review is unlimited. *Graham v. Herring*, 297 Kan. 847, 855, 305 P.3d 585 (2013).

K.S.A. 2013 Supp. 60-225(a)(1) states:

"If a party dies and the claim is not extinguished, the court must on motion order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within a reasonable time after service of a statement noting the death, the action by or against the decedent must be dismissed."

K.S.A. 2013 Supp. 60-225(a)(1) requires that the motion for substitution be made within a reasonable time after service of the suggestion of death. Rebecca was not a party in Roger's action. The form of service of the motion for substitution and the suggestion of death on a nonparty is prescribed by K.S.A. 2013 Supp. 60-225(a)(3).

4

K.S.A. 2013 Supp. 60-225(a)(3) provides that "[a] motion to substitute, together with a notice of hearing, must be served . . . on nonparties in the manner provided for the service of a summons. A statement noting death must be served in the same manner." Moreover, "[d]ismissal is directed by the statute [K.S.A. 2013 Supp. 60-225(a)(1)] only if there is a proper service of a suggestion of death on the record and only if a motion for substitution is not made within a reasonable time after that properly served suggestion of death." *Graham*, 297 Kan. at 856-57.

On appeal, Rebecca argues that the trial court abused its discretion when it granted Heathman's motion to dismiss for failure to substitute a party within a reasonable time because she had never been personally served with the suggestion of death. Rebecca argues that because she was never properly served with the suggestion of death and because the time to substitute a party begins to run only after proper service of the suggestion of death, the trial court could not have properly ruled that she had failed to move to substitute a party within a reasonable time.

Because Rebecca was a nonparty, Heathman was required under K.S.A. 2013 Supp. 60-225(a)(3) to serve the suggestion of death on Rebecca in the prescribed manner for service of a summons. K.S.A. 2013 Supp. 60-303 describes the methods of service of process, which include service by return receipt delivery and personal and residence service. K.S.A. 2013 Supp. 60-303(c)-(d). K.S.A. 2013 Supp. 60-303(b) further provides that "[t]he sheriff of the county in which the action is filed must serve any process by any method authorized by [K.S.A. 2013 Supp. 60-303] . . . unless a party, either personally or through an attorney, notifies the clerk that the party elects to undertake responsibility for service." Moreover, since Rebecca is an individual, service of process must have been made by "serving [her] or by serving [her] agent authorized by appointment or by law to receive service of process." K.S.A. 2013 Supp. 60-304(a).

5

Heathman, however, never served the suggestion of death on Rebecca in accordance with K.S.A. 2013 Supp. 60-303 or K.S.A. 2013 Supp. 60-304. Instead, Heathman served the suggestion of death on Rebecca's former attorney. It seems that Heathman attempted to serve Rebecca with the suggestion of death in the same manner one would serve a party under K.S.A. 2013 Supp. 60-205. For instance, K.S.A. 2013 Supp. 60-225(a)(3) requires that parties be served with the suggestion of death as provided in K.S.A. 2013 Supp. 60-205. K.S.A. 2013 Supp. 60-205(b)(1) requires that a person serve a party's attorney if that party is represented by an attorney. Nevertheless, in this case, Rebecca was a nonparty, and Heathman was required to serve the suggestion of death on her in the prescribed manner for service of a summons. K.S.A. 2013 Supp. 60-225(a)(3). Furthermore, Heathman served the suggestion of death on Rebecca's former attorney, who had represented Rebecca in an unrelated matter. Obviously, this kind of service would not even comply with proper service on a party under K.S.A. 2013 Supp. 60-205. Thus, Rebecca correctly asserts that she was never properly served with the suggestion of death.

Because Heathman never properly served the suggestion of death on Rebecca, there was no proper service of the suggestion of death on the record. In *Graham*, our Supreme Court held that a trial court could dismiss under K.S.A. 2013 Supp. 60-225(a)(1) only if the "proper service of a suggestion of death [was] on the record" and a reasonable time had passed since the suggestion of death was properly served. 297 Kan. at 856-57. Thus, the reasonable time period starts to run only when there has been a proper service of the suggestion of death on the record.

Moreover, the *Graham* court held that "[t]he relevant time period to be analyzed for reasonableness under K.S.A. [2013] Supp. 60-225(a)(1) is the period between the *proper* service of notice of a party's death and the filing of a motion for substitution." (Emphasis added.) 297 Kan. 847, Syl. ¶ 4. As a result, Rebecca argues that the trial court abused its discretion because it applied the incorrect legal standard in its calculation of

6

the relevant time period for determining the reasonableness of a delay in substituting a party.

When dismissing under K.S.A. 2013 Supp. 60-225(a)(1), the trial court has discretion to determine whether a reasonable time to move to substitute has elapsed. *Graham*, 297 Kan. at 855 (citing *Livingston v. Estate of Bias*, 9 Kan. App. 2d 146, 147, 673 P.2d 1197 [1984]). Moreover, "an abuse of discretion necessarily results when the district court applies incorrect legal standards in the exercise of its discretion." *Graham*, 297 Kan. at 855 (quoting *O'Brien v. Leegin Creative Leather Products, Inc.,* 294 Kan. 318, 331, 277 P.3d 1062 [2012]). Nevertheless, an appellate court has unlimited review over issues of statutory interpretation. *Graham*, 297 Kan. at 855 (citing *In re Marriage of Brown*, 295 Kan. 966, 969, 291 P.3d 55 [2012]).

Thus, the ultimate question before us is whether the interpretation of K.S.A. 2013 Supp. 60-225(a)(1) by the trial court is correct. As stated earlier, that question is a matter of law.

At the status conference on September 6, 2013, the trial court granted Heathman's motion to dismiss based on its calculation that over 5 months had elapsed since the filing of the suggestion of death. Thus, the trial court began its calculation on March 27, 2013, the date that Heathman filed the notice of suggestion of death with the trial court and served it on Rebecca's former attorney. The trial court ended its calculation on the day of the status conference. Although the trial court cited *Graham* in explaining how it calculated whether a reasonable time had elapsed, the trial court failed to comply with the *Graham* holding in two ways.

First, the trial court started its calculation on March 27, 2013, the date on which Rebecca was improperly served with the suggestion of death. As discussed earlier, the *Graham* holding requires that the suggestion of death must be properly served in

7

accordance with K.S.A. 2013 Supp. 60-225(a)(1) and on the record. 297 Kan. 847, Syl. ¶ 1. Neither of these rules was complied with in the instant case. Thus, the trial court could not have correctly started its calculation of reasonable time on that date because Rebecca had not been properly served with the suggestion of death on March 27, 2013, as discussed previously.

Second, the trial court incorrectly considered the time that had elapsed after the trial court wrote Rebecca and Heathman that he would consider her letter a "Motion for Substitution of the Proper Party" in its reasonable time calculation. Again, *Graham* held that "the relevant time period for determining the reasonableness of a delay in substituting a party begins with the statement noting the death and ends with the filing of a motion for substitution." 297 Kan. at 864. The *Graham* court also held that calculating reasonable time in this manner is "supported by the plain language of the statute, which refers to the time that the motion is 'made'; it does not refer to the time that the motion is heard, ruled upon, or effectuated." *Graham*, 297 Kan. at 857. Moreover, in overruling *Long v. Riggs*, 5 Kan. App. 2d 416, 617 P.2d 1270 (1980), the *Graham* court noted that nothing but the "time when the motion for substitution is filed" is relevant in a reasonable time calculation. En route to its holding, the *Riggs* court stated that "no substitution of the parties was *effectuated*." (Emphasis added.) 5 Kan. App. 2d at 418. The *Graham* court declared: "To the extent that *Riggs* intended the term 'effectuated' to mean anything other than the time when the motion for substitution is filed, it is overruled and disapproved." 297 Kan. at 858-59.

In this case, the trial judge wrote Rebecca and Heathman that he would consider her letter a "Motion for Substitution of the Proper Party." Rebecca sent this letter on May 1, 2013. At the status conference on May 20, 2013, the trial judge was ready to order a substitution based on Rebecca's letter motion until Heathman's attorney told the court that Rebecca could not substitute herself as a party, as her motion evidently stated. The trial

court granted Rebecca an extension to open Roger's estate and to substitute it as the proper party. Nevertheless, by May 1, 2013, Rebecca had moved to substitute a party.

Consequently, the trial court abused its discretion when it made its reasonable time calculation. According to *Graham*, the relevant time period for determining the reasonableness of a delay in substituting a party starts with the notice of suggestion of death and ends with the filing of the motion of substitution. Here, Rebecca wrote the letter which the trial court stated it would consider as a "Motion for Substitution of the Proper Party" on May 1, 2013. Because the trial court considered the time that had elapsed after Rebecca's motion to substitute a party was filed, it applied the incorrect legal standard in its calculation of the relevant time period for determining the reasonableness of a delay in substituting a party. Thus, the trial court abused its discretion.

For the sake of argument, even if Heathman had properly served Rebecca with the suggestion of death on March 27, 2013, the trial court could not have properly granted Heathman's motion for failure to substitute party within a reasonable time. For example, under *Graham*, the reasonable time calculation would have been from March 27, 2013, the date the suggestion of death was filed and May 1, 2013, the date Rebecca sent her letter to the trial court. This time period would have been only 35 days after Heathman had served Rebecca with the suggestion of death. *Graham* held that the reasonable time that a motion for substitution must be filed under K.S.A. 2013 Supp. 60-225(a)(1) is based on the totality of the circumstances and not subject to a bright-line rule. 297 Kan. at 859. Undoubtedly, parties would have acted within a reasonable time if they move to substitute a party within 35 days of a proper service of a suggestion of death on the record. Thus, had Heathman properly served Rebecca with the suggestion of death, it would have undoubtedly been an abuse of discretion for the trial court to grant Heathman's motion to dismiss because Rebecca would have moved to substitute a party

9

within a reasonable time. Accordingly, we reverse and remand this matter for further proceedings.