■ SHUDHA HOWLADER, as Administrator of the Estate of SURANJON HOWLANDER, Also Known as SURAJAN HOWLANDER and Another, Deceased, Appellant, v LUCKY STAR GROCERY, INC., Defendant, and 2100 WHITE PLAINS ROAD CORP. et al., Respondents. [57 NYS3d 429]—

In an action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Queens County (Flug, J.), entered September 2, 2014, which granted that branch of the motion of the defendant 2100 White Plains Road Corp. which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to timely substitute a representative for the deceased plaintiff, and the separate motion of the defendant City of New York seeking the same relief as to it.

Ordered that the order is affirmed, with one bill of costs.

"CPLR 1021 requires a motion for substitution to be made within a reasonable time" (*McDonnell v Draizin*, 24 AD3d 628, 628 [2005]; *see Reed v Grossi*, 59 AD3d 509, 511 [2009]). "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the

defense has potential merit" (*Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 AD3d 618, 619 [2013]; *see Alejandro v North Tarrytown Realty Assoc.*, 129 AD3d 749, 749 [2015]; *Riedel v Kapoor*, 123 AD3d 996, 996 [2014]).

Here, the plaintiff's counsel failed to demonstrate that he made any diligent efforts to substitute a representative for the deceased plaintiff. Additionally, the plaintiff's counsel did not demonstrate a reasonable excuse for failing to seek a substitution. Further, the plaintiff's counsel failed to submit an affidavit of merit, and did not rebut the contention of the defendant 2100 White Plains Road Corp. (hereinafter 2100), joined by the defendant City of New York, that they were prejudiced in their ability to defend the case. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of 2100's motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to timely substitute a representative for the deceased plaintiff, and the separate motion of the City seeking the same relief as to it (*see Alejandro v North Tarrytown Realty Assoc.*, 129 AD3d at 749; *Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 AD3d at 619; *Suciu v City of New York*, 239 AD2d 338 [1997]). Rivera, J.P., Roman, Miller and Duffy, JJ., concur.