Silberstein v Silberstein Awad & Miklos, P.C. (2019 NY Slip Op 04438)





Silberstein v Silberstein Awad & Miklos, P.C.


2019 NY Slip Op 04438


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-01204
 (Index No. 5803/04)

[*1]Jerome D. Silberstein, plaintiff, 
v
Silberstein Awad & Miklos, P.C., et al., appellants; Ivy Silberstein, etc., nonparty-respondent.


Silberstein Awad & Miklos, P.C., Garden City, NY (Susan B. Eisner and Joseph Awad, pro se, of counsel), appellant pro se and for appellant Joseph Miklos.
Jaffe & Asher LLP, New York, NY (Gregory E. Galterio of counsel), for nonparty-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered November 13, 2017. The order granted the motion of nonparty Ivy Silberstein to be substituted as the plaintiff and denied the defendants' cross motion pursuant to CPLR 1021 to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, the motion of nonparty Ivy Silberstein to be substituted as the plaintiff is denied, and the defendants' cross motion pursuant to CPLR 1021 to dismiss the complaint is granted.
CPLR 1021 requires a motion for substitution to be made within a reasonable time. The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has merit (see Suciu v City of New York, 239 AD2d 338; Mansfield Contr. Corp. v Prassas, 183 AD2d 878).
Here, we disagree with the Supreme Court's determination permitting the substitution of Ivy Silberstein as the plaintiff in this action. The action was commenced in April 2004 and was based, in part, upon a loan made by the plaintiff to the defendants prior to 1997. The plaintiff died on February 20, 2005. In February and March 2013, within the deceased plaintiff's estate proceeding, a stipulation was executed allowing Ivy Silberstein to be substituted as the plaintiff in this action. On September 23, 2014, Ivy Silberstein was granted limited letters of administration solely for the prosecution of this action. However, it was not until April 2017 that she moved to be substituted as the plaintiff in the action. Ivy Siberstein's submissions in support of her motion failed to provide any explanation for the long delay in her receiving the letters of administration, or a reasonable excuse for the unreasonably long delay in seeking a substitution, even after the letters of administration were issued. Moreover, she failed to provide an affidavit of merit (see Howlader v Lucky Star Grocery, Inc., 153 AD3d 610; Suciu v City of New York, 239 AD2d 338; Mansfield Contr. Corp. v Prassas, 183 AD2d 878). Contrary to her contention, we find that the defendants [*2]would be prejudiced if the substitution were permitted.
Accordingly, the Supreme Court should have denied Ivy Silberstein's motion to be substituted as the plaintiff, and should have granted the defendants' cross motion pursuant to CPLR 1021 to dismiss the complaint (see Giroux v Dunlop Tire Corp., 16 AD3d 1068; Suciu v City of New York, 239 AD2d 338; Mansfield Contr. Corp. v Prassas, 183 AD2d 878).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court