■ ALICIA ROSARIO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. L.P. ELECTRONIC ALARMS SYSTEMS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [647 NYS2d 17] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), entered October 18, 1995, which denied its motion for summary judgment dismissing the complaint, and granted the motion of the third-party defendant L.P. Electronic Alarms Systems, Inc., for summary judgment dismissing the third-party complaint insofar as it is asserted against it.

Ordered that the order is modified by deleting therefrom the provision which granted the motion of the third-party defendant L.P. Electronic Alarms Systems, Inc. for summary judgment dismissing the third-party complaint insofar as it is asserted against it, and substituting therefor a provision denying

the motion; as so modified, the order is affirmed, with costs payable to the appellant by L.P. Electronic Alarms Systems, Inc.

The plaintiff brought this action against the New York City Housing Authority (hereinafter the NYCHA) seeking damages for personal injuries arising from an assault in her apartment building, which was owned and operated by the NYCHA. The plaintiff maintains that the perpetrator gained entrance to the building as a result of the NYCHA's negligence in failing to supply the entrances of the building with working door locks. The NYCHA brought a third-party action against, *inter alia,* L.P. Electronic Alarms Systems, Inc. (hereinafter LP) which had entered into a contract with the NYCHA to install door locks on the front entrance—and not the back door—of the building. That contract contained an indemnification clause in case of personal injury resulting from LP's breach of any provision of the contract. The Supreme Court denied NYCHA's motion for summary judgment, but granted LP's motion for summary judgment, finding that there was sufficient evidence from which a jury could "infer that the assailant was an intruder who freely gained access to the premises based upon the broken locks on the rear door for a prolonged period of time".

The plaintiff has presented evidence that the NYCHA breached a duty of care toward the plaintiff in that it was aware that the entrances to the building had no operating locks, and that the NYCHA was or should have been aware that the building, and the surrounding housing complex, had a history of criminal activity *(see, Jacqueline S. v City of New York,* 81 NY2d 288). On the issue of proximate cause, the plaintiff has made a factual showing sufficient to defeat a motion for summary judgment that the assailant was not a resident of the complex or a visitor of a resident. The evidence further indicates that the intruder gained entry to the building through an unlocked door *(cf., Kirsten M. v Bettina Equities Co.,* 222 AD2d 201; *Hendricks v Kempler,* 156 AD2d 425). Contrary to the conclusion of the Supreme Court, it cannot be determined from the evidence in the record whether the assailant entered through the rear door or the front door. However, in either case, the defendant could be liable to the plaintiff, since the defendant was aware that both the front door and the rear door had no operating locks. Thus, the NYCHA's motion for summary judgment was properly denied.

However, the Supreme Court erred in finding no issue of fact with regard to LP's liability as a third-party defendant. LP did not present evidence sufficient to foreclose the possibility that

the assailant entered through the front entrance, for which it had contracted to provide locking doors. The elevator near which the assailant encountered the plaintiff was accessible by way of either entrance. The contract between the NYCHA and LP contained an indemnification clause, which, should a jury find that the assailant entered through the front door, could render LP liable in a third-party action *(see, Vey v Port Auth.,* 54 NY2d 221, 226-227; *Solomon v City of New York,* 111 AD2d 383, *affd* 70 NY2d 675).

Moreover, LP's claim with regard to the invalidity of the indemnification clause was raised for the first time on appeal, and is, therefore, not properly before this Court.

Accordingly, the third-party complaint is reinstated against LP. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.