■ DANIEL GARY BAUER, Respondent, v MARS ASSOCIATES & NORMEL CONSTRUCTION CORP., A JOINT VENTURE, Appellant. (And a Third-Party Action.) [825 NYS2d 536]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated January 6, 2006, which granted the plaintiff's motion, inter alia, in effect, to substitute Daniel Gary Bauer as plaintiff in place of Peggy Ruth Bowman Bauer and to restore the action to the active calendar, and denied its cross motion pursuant to CPLR 1021 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion is denied, and the cross motion to dismiss the complaint is granted.

In 1990 the plaintiff's decedent, Donald J. Bauer, commenced the instant personal injury action against the defendant in connection with a 1987 construction accident. After the decedent's death in October 1997, his mother, Peggy Ruth Bowman Bauer, was appointed executrix of his estate in January 1998 and was later substituted as plaintiff in this action. However, the mother died some time prior to December 1999. Although the decedent's brother, the plaintiff Daniel Gary Bauer, was subsequently appointed executor of his estate in December 2000, substitution was not sought until the instant motion was made more than four years later, in February 2005. Counsel's candid explanation for the delay was a "lack of cooperation on the part of the decedent's family members."

The defendant opposed the motion and cross-moved to dismiss the complaint pursuant to CPLR 1021 for failure to prosecute. The Supreme Court granted the plaintiff's motion, inter alia, in effect, for substitution and to restore the action to the active calendar and denied the cross motion. We reverse.

"CPLR 1021 requires a motion for substitution to be made within a reasonable time. The determination of reasonableness requires consideration of several factors, including the diligence

of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has merit" (*McDonnell v Draizin*, 24 AD3d 628, 628-629 [2005]).

The lack of cooperation on the part of the decedent's family in effectuating the required substitution following the previous executor's death evinced a lack of interest in this 16-year-old action (*see Washington v Min Chung Hwan*, 20 AD3d 303 [2005]). Under the circumstances presented, the Supreme Court should have dismissed the complaint for failure to prosecute (*see* CPLR 1021; *McDonnell v Draizin, supra; Giroux v Dunlop Tire Corp.*, 16 AD3d 1068 [2005]; *Palmer v Selpan Elec. Co.*, 5 AD3d 248 [2004]; *Suciu v City of New York*, 239 AD2d 338 [1997]; *Mansfield Contr. Corp. v Prassas*, 183 AD2d 878 [1992]). Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.