GLENROY T. THOMPSON, Plaintiff, v CLEARWAY AUTOMOTIVE, INC., et al., Respondents. VIVIAN THOMPSON, Nonparty Appellant. [858 NYS2d 191]—

In an action to recover damages for personal injuries, Vivian Thompson, the administrator of the estate of the deceased plaintiff, appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered May 22, 2007, which, upon, in effect, renewal and reargument, adhered to its prior determination in an order dated April 11, 2005, granting the defendants' motion pursuant to CPLR 1021 to dismiss the complaint for

failure to timely substitute a representative, and denied those branches of his motion which were to be substituted as the plaintiff pursuant to CPLR 1015 (a) and to enforce a purported settlement of the action.

Ordered that the order is affirmed, with costs.

The appellant's motion, denominated as one, inter alia, to vacate a prior order of the same court dated April 11, 2005 granting the defendants' motion pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative, was, in effect, one for leave to renew and reargue. Upon renewal and reargument, the Supreme Court properly adhered to its prior determination granting the defendants' motion pursuant to CPLR 1021 to dismiss the complaint. The appellant did not demonstrate a reasonable excuse for failing to seek substitution "within a reasonable time" after the death of his decedent (*see* CPLR 1021; *Suciu v City of New York,* 239 AD2d 338 [1997]; *see generally Bauer v Mars Assoc.,* 35 AD3d 333 [2006]; *Dorney v Reddy,* 45 AD2d 754 [1974]). The appellant's contention that the defendants were not prejudiced by the delay because they agreed to settle the case was also without merit. The appellant's decedent died five days after the commencement of the action, and the appellant failed to demonstrate that the decedent authorized the alleged settlement, which was never reduced to writing, and was reached more than a year after the appellant's decedent died (*see* CPLR 2104; *Washington v Min Chung Hwan,* 20 AD3d 303 [2005]; *Giroux v Dunlop Tire Corp.,* 16 AD3d 1068 [2005]; *see generally Hyman v Booth Mem. Hosp.,* 306 AD2d 438 [2003]).

The appellant's remaining contentions are without merit. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.