■ DONALD REED, Plaintiff, v EUGENE GROSSI et al., Respondents. BEULAH NELSON-SPELLMAN, Nonparty Appellant. [873 NYS2d 676]—

In an action to recover damages for medical malpractice, Beulah Nelson-Spellman, executor of the estate of Donald Reed, appeals from an order of the Supreme Court, Kings County (Levine, J.), entered August 22, 2007, which denied her motion, in

effect, for leave to substitute herself as a party plaintiff in place of Donald Reed, to amend the caption accordingly, and to vacate the stay of proceedings resulting from the death of Donald Reed and, upon a so-ordered stipulation dated April 21, 2005, granted the defendants' cross motion pursuant to CPLR 3216 (a) to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the so-ordered stipulation dated April 21, 2005 is vacated, the motion of Beulah Nelson-Spellman, executor of the estate of Donald Reed, in effect, for leave to substitute herself as a party plaintiff in place of Donald Reed, to amend the caption accordingly, and to vacate the stay of proceedings resulting from the death of Donald Reed, is granted, the defendants' cross motion pursuant to CPLR 3216 (a) to dismiss the complaint for failure to prosecute is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, including the entry of an order amending the caption accordingly.

On or about October 27, 2000 Donald Reed underwent open-heart surgery, performed by the defendant Eugene Grossi at the defendant New York University Medical Center, a division of the defendant New York University. On February 13, 2003 Reed commenced the instant action, alleging that he sustained personal injuries and damages as a result of the alleged medical malpractice committed by the defendants. According to the complaint, the defendants negligently left surgical instruments in his person, requiring a second surgery. Issue was joined, and discovery proceeded slowly.

On July 1, 2004 Reed died from unspecified causes. At a compliance conference held on September 14, 2004 the Supreme Court was advised of Reed's death, prompting the matter to be stayed and adjourned, pending the appointment of a representative of Reed's estate. While Reed's counsel appeared for compliance conferences on several occasions thereafter, no appointment of a representative of the estate had been effectuated. Notwithstanding the statutory stay of proceedings necessitated by Reed's death (see CPLR 1015), counsel entered into a stipulation dated April 21, 2005, which was so-ordered by the court, in effect, directing the dismissal of the complaint "without prejudice and [with] leave to renew within 9 months, on consent."

After protracted proceedings, the Surrogate's Court, Kings County, appointed nonparty Beulah Nelson-Spellman as executor of Reed's estate, and issued letters testamentary dated April 30, 2007. Within weeks, Nelson-Spellman moved, in effect, to substitute herself as the party plaintiff in the action in place of

Reed, to amend the caption accordingly, and to vacate the statutory stay resulting from Reed's death, and the defendants cross-moved pursuant to CPLR 3216 (a) to dismiss the complaint for failure to prosecute. The Supreme Court denied Nelson-Spellman's motion and granted the defendants' cross motion to dismiss the complaint. We reverse.

CPLR 1021 provides that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate." "CPLR 1021 requires a motion for substitution to be made within a reasonable time. The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has merit" (*McDonnell v Draizin*, 24 AD3d 628, 628-629 [2005]; *see Rubino v Krasinski*, 54 AD3d 1016, 1017 [2008]; *Johnson v Trivedi*, 41 AD3d 1259, 1260 [2007]; *Bauer v Mars Assoc.*, 35 AD3d 333, 334 [2006]).

Applying these principles to the matter at bar, the Supreme Court improvidently exercised its discretion in granting the defendants' cross motion pursuant to CPLR 3216 (a) to dismiss the complaint for failure to prosecute (*see* CPLR 1021; *McDonnell v Draizin*, 24 AD3d at 628-629). "It is well settled that the death of a party stays the action as to him or her pending the substitution of a legal representative, and any determination rendered without such a substitution is generally deemed a nullity" (*Hicks v Jeffrey*, 304 AD2d 618, 618 [2003]; *see* CPLR 1015; *Rumola v Maimonides Med. Ctr.*, 37 AD3d 696, 697 [2007]; *Giroux v Dunlop Tire Corp.*, 16 AD3d 1068, 1069 [2005]; *Anderson v Gilliland*, 245 AD2d 654 [1997]). As such, the so-ordered stipulation dated April 21, 2005, in effect, directing the dismissal of the complaint, was a nullity (*see Singer v Riskin*, 32 AD3d 839, 840 [2006]; *Lewis v Kessler*, 12 AD3d 421, 422 [2004]), and thus without any force or effect.

Moreover, in light of the reasonably diligent steps undertaken by Reed's former counsel to have a representative of the estate appointed after Reed's death, the absence of any showing of prejudice (*see Egrini v Brookhaven Mem. Hosp.*, 133 AD2d 610 [1987]), and the strong public policy that matters be disposed of on the merits, the Supreme Court should have granted the motion for substitution, amended the caption accordingly, and vacated the stay of proceedings resulting from Reed's death, and denied the defendants' cross motion pursuant to CPLR

3216 (a) to dismiss the complaint (*see Rubino v Krasinski*, 54 AD3d at 1017; *Johnson v Trivedi*, 41 AD3d at 1260; *Encalada v City of New York*, 280 AD2d 578 [2001]). Fisher, J.P., Miller, Carni and Balkin, JJ., concur.