■ GEOVANE FREITAS, Plaintiff, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents. ROMANO ENTERPRISES OF NEW YORK, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [886 NYS2d 349]—In an action to recover damages for personal injuries, the third-party defendant Romano Enterprises of New York, Inc., appeals from so much of an order of the Supreme Court, Kings County

(Rothenberg, J.), dated November 27, 2007, as granted that branch of the motion of third-party plaintiffs City of New York and New York City Department of Transportation for summary judgment on their contractual indemnification claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The contention of Romano Enterprises of New York, Inc. (hereinafter Romano), that the indemnification provision in its contract with general contractor Yonkers Contracting Co. did not manifest a clear intention for Romano to indemnify the City of New York and the New York City Department of Transportation (hereinafter together the City) is raised for the first time on appeal, and, therefore, is not properly before this Court (see Rosario v New York City Hous. Auth., 230 AD2d 900 [1996]).

Romano's contention that the indemnification provision was void and unenforceable under General Obligations Law § 5-322.1 is also raised for the first time on appeal and, therefore, is also not properly before this Court (see Pierce v City of New York, 253 AD2d 545 [1998]).

In light of the City's unrebutted prima facie showing that it was not negligent in the happening of the plaintiff's accident, it was entitled to summary judgment on its contractual indemnification claim (see Castilla v K.A.B. Realty, Inc., 37 AD3d 510 [2007]; Reborchick v Broadway Mall Props., Inc., 10 AD3d 713 [2004]). Covello, J.P., Santucci, Leventhal and Belen, JJ., concur.