■ Anna E. Knowles, Appellant, v Bruce Schaeffer et al., Defendants, and Deborah Ross, Respondent. [893 NYS2d 880]—In an action to recover damages for podiatric malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated September 16, 2008, which denied her motion to vacate a prior order of the same court dated July 18, 2008, granting the unopposed motion of the defendant Deborah Ross pursuant to CPLR 1021, inter alia, to dismiss the action for failure to timely substitute a representative.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion to vacate a prior order of the same court entered upon her default in opposing the respondent's motion pursuant to CPLR 1021, inter alia, to dismiss the action for failure to timely substitute a representative. To be relieved of her default in opposing the respondent's motion, the plaintiff was required to show a reasonable excuse for the default and a meritorious cause of action (*see Nowell v NYU Med. Ctr.*, 55 AD3d 573, 574 [2008]; *Raciti v Sands Point Nursing Home*, 54 AD3d 1014 [2008]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]; *Bauer v Mars Assoc.*, 35 AD3d 333 [2006]). The excuse of law office failure was vague and unsubstantiated and, thus, did not constitute a reasonable excuse for the default (*see Chechen v Spencer*, 68 AD3d 801 [2009]; *Murray v New York City Health & Hosps. Corp.*, 52 AD3d 792, 793 [2008]; *St. Luke's Roosevelt Hosp. v Blue Ridge Ins. Co.*, 21 AD3d 946, 947 [2005]). Furthermore, the plaintiff failed to demonstrate that the action had merit (*see Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *Salch v Paratore*, 60 NY2d 851, 852 [1983]; *Murray v New York City Health & Hosps. Corp.*, 52 AD3d at 794; *Bauer v Mars Assoc.*, 35 AD3d at 334; *McDonnell v Draizin*, 24 AD3d 628, 629 [2005]).

The plaintiff's contention that she did not default in opposing the respondent's motion is improperly raised for the first time on appeal (*see Pugliese v Mondello*, 67 AD3d 880 [2009]; *Fletcher v Westbury Toyota, Inc.*, 67 AD3d 730 [2009]; *Matter of West Bushwick Urban Renewal Area Phase 2*, 69 AD3d 176 [2009]; *Freitas v City of New York*, 66 AD3d 732 [2009]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.