■ BARBARA BORRUSO et al., Appellants, v NEW YORK METHODIST HOSPITAL et al., Respondents. [924 NYS2d 152]—

In an action to recover damages for medical malpractice, etc., Barbara Borruso, as administrator of the estate of Gregory Borruso, and Barbara Borruso, individually, appeals from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated December 14, 2009, which, upon an order of the same court dated September 29, 2009, granting the defendants' separate motions pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action in 1998, based on medical services rendered in 1997. The plaintiff Gregory Borruso (hereinafter the decedent) died in 2001. In March and April 2009, the defendants separately moved pursuant to CPLR 1021

to dismiss the complaint for the plaintiffs' failure to timely substitute a representative from the decedent's estate for him as party plaintiff. At the time the defendants made their separate motions, it had been approximately 12 years since the medical services complained of were rendered, 11 years since the plaintiffs commenced this action, eight years since the decedent's death, six years since letters of administration were issued to the plaintiff Barbara Borruso (hereinafter the surviving plaintiff) as administrator of the estate, and four years since the plaintiffs' attorney, by his own admission, learned that a bankruptcy stay resulting from a bankruptcy filing of the insurer of the defendant Gerard K. Hanley, had been lifted. In an order dated September 29, 2009, the Supreme Court granted the defendants' separate motions. The judgment appealed from, entered upon the order, is in favor of the defendants and against the plaintiffs, dismissing the complaint. We affirm.

CPLR 1021 provides, in pertinent part, "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate." " 'CPLR 1021 requires a motion for substitution to be made within a reasonable time' " (*Reed v Grossi*, 59 AD3d 509, 511 [2009], quoting *McDonnell v Draizin*, 24 AD3d 628, 628 [2005]). " 'The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has merit' " (*Reed v Grossi*, 59 AD3d at 511, quoting *McDonnell v Draizin*, 24 AD3d at 628-629; *see Rubino v Krasinski*, 54 AD3d 1016, 1017 [2008]; *Johnson v Trivedi*, 41 AD3d 1259, 1260 [2007]; *Bauer v Mars Assoc.*, 35 AD3d 333, 334 [2006]).

Here, the surviving plaintiff failed to move within a reasonable time to substitute a representative of the decedent's estate for the decedent as party plaintiff in this action. Her proffered explanation of law office failure—that the case "fell through the cracks"—is vague and unsubstantiated and insufficient to constitute a reasonable excuse (*see Knowles v Schaeffer*, 70 AD3d 897, 898 [2010]). Also without merit is the surviving plaintiff's explanations related to the bankruptcy stay and attempts to schedule an additional deposition. As her attorney acknowledges, he knew the bankruptcy stay was no longer in effect as of March 2005, but the surviving plaintiff had not moved for substitution by the time the defendants filed their motions four years later.

As for the surviving plaintiff's efforts to schedule an additional deposition, such matters would in no way serve as an impediment to moving for substitution. In light of the lack of diligence on the part of the surviving plaintiff and the prejudice to the defendants under the circumstances of this case, the Supreme Court properly determined that the surviving plaintiff failed to move within a reasonable time to substitute a representative of the estate for the decedent, and, accordingly, granted the defendants' separate motions pursuant to CPLR 1021 to dismiss the complaint (*see McDonnell v Draizin*, 24 AD3d at 628-629; *Washington v Min Chung Hwan*, 20 AD3d 303, 305 [2005]; *Giroux v Dunlop Tire Corp.*, 16 AD3d 1068, 1069 [2005]; *Palmer v Selpan Elec. Co.*, 5 AD3d 248 [2004]; *Suciu v City of New York*, 239 AD2d 338, 338 [1997]; *compare Reed v Grossi*, 59 AD3d at 511; *Rubino v Krasinski*, 54 AD3d at 1017).

The remaining contention of the defendant New York Methodist Hospital is without merit. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.