JORGE LARGO-CHICAIZA, Plaintiff, v WESTCHESTER SCAFFOLD EQUIPMENT CORP., Defendant, VERMONT SLATE ROOF CO. et al., Defendants/Third-Party Plaintiffs, CATHERINE McCAFFREY, as Executor of PETER B. McCAFFREY, Deceased, Defendant/Third-Party Plaintiff-Respondent, and SALVATORE SANZO, Defendant/Third-Party Defendant-Appellant. [934 NYS2d 354]—

CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate." " 'CPLR 1021 requires a motion for substitution to be made within a reasonable time. The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has [potential] merit' " (*Reed v Grossi*, 59 AD3d 509, 511 [2009], quoting *McDonnell v Draizin*, 24 AD3d 628, 628-629 [2005]; *see Borruso v New York Methodist Hosp.*, 84 AD3d 1293, 1294 [2011]; *Bauer v Mars Assoc.*, 35 AD3d 333, 333-334 [2006]).

Applying these principles to this case, the Supreme Court providently exercised its discretion in granting the motion of the defendant/third-party plaintiff Catherine McCaffrey (hereinafter the executor), for leave to substitute herself in place of Peter B. McCaffrey (hereinafter the decedent), to amend the caption accordingly, and to restore the action to the trial calendar, and in denying the third-party defendant's cross motion, in effect, to dismiss the third-party complaint insofar as asserted by the decedent for failure to timely substitute a representative. Although the third-party defendant is correct that the executor failed to provide any explanation for the lengthy delay in moving to substitute herself in place of the decedent, the third-party defendant suffered no prejudice by the Supreme Court's granting of the motion (*see Peters v City of N.Y. Health & Hosps. Corp.*, 48 AD3d 329 [2008]; *Wynter v Our Lady of Mercy Med. Ctr.*, 3 AD3d 376, 378 [2004]; *Noriega v Presbyterian Hosp. in City of N.Y.*, 305 AD2d 220, 221 [2003]). Moreover, the third-party action has potential merit, given the Court of Appeals' opinion reinstating the third-party complaint (*see Rubeis v Aqua Club, Inc.*, 3 NY3d 408 [2004], *revg Largo-Chicaiza v Westchester Scaffold Equip. Corp.*, 5 AD3d 355 [2004]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.