In an action, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d, Faruk Terpis, as executor of the estate of Hatice Terpis, appeals from an order of the Supreme Court, Queens County (O’Donoghue, J.), entered July 6, 2012, which denied his motion pursuant to CPLR 1015 for leave to substitute himself as a party plaintiff in place of Hatice Terpis and to amend the caption accordingly, and granted the defendant’s cross motion pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative, with prejudice.
*619 Ordered that the order is affirmed, with costs.
CPLR 1021 provides, in pertinent part, iC[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate.” CPLR 1021 requires a motion for substitution to be made within a reasonable time (see Reed v Grossi, 59 AD3d 509, 511 [2009]). The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit (see Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d 716, 717 [2011]; Borruso v New York Methodist Hosp., 84 AD3d 1293, 1294 [2011]; Reed v Grossi, 59 AD3d at 511).
The Supreme Court providently exercised its discretion in denying the appellant’s motion pursuant to CPLR 1015 for leave to substitute himself as a party plaintiff and granting the defendant’s cross motion pursuant to CPLR 1021 to dismiss the complaint, in light of the 21-month delay in obtaining preliminary letters testamentary, the further one-year delay in seeking substitution, the failure to demonstrate a reasonable excuse for the delays, the absence of any affidavit of merit, and the prejudice to the defendant (see Borruso v New York Methodist Hosp., 84 AD3d 1293 [2011]; Thompson v Clearway Auto., Inc., 50 AD3d 1014, 1015 [2008]; Bauer v Mars Assoc., 35 AD3d 333, 333-334 [2006]; Suciu v City of New York, 239 AD2d 338 [1997]; Mansfield Contr. Corp. v Prassas, 183 AD2d 878, 879 [1992]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.