■ CATHERINE RIEDEL, Appellant, v DEEPAK A. KAPOOR et al., Respondents, et al., Defendant. [999 NYS2d 475]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered January 24, 2013, as, upon renewal, in effect, vacated the determination in an order of the same court entered September 13, 2012, denying those branches of the separate motions of the defendants Deepak A. Kapoor and Robert Fuentes which were pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them, and thereupon granted those branches of the motions.

Ordered that the order entered January 24, 2013, is affirmed insofar as appealed from, with one bill of costs.

CPLR 1021 requires a motion for substitution to be made within a reasonable time (*see Reed v Grossi*, 59 AD3d 509, 511 [2009]). The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit (*see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 AD3d 618 [2013]; *Largo-Chicaiza v Westchester Scaffold Equip. Corp.*, 90 AD3d 716, 717 [2011]; *Borruso v New York Methodist Hosp.*, 84 AD3d 1293, 1294 [2011]).

The Supreme Court providently exercised its discretion in, upon renewal, granting those branches of the separate motions of the defendants Deepak A. Kapoor and Robert Fuentes (hereinafter together the respondents) which were pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them. Those interested in the estate of Benedict Riedel (hereinafter the decedent) clearly were on notice of the need to substitute a legal representative for the decedent's estate, as the respondents had previously moved on at least two prior occasions pursuant to CPLR 1021 to dismiss the complaint. Yet, no reasonable excuse was proffered for the failure to substitute a legal representative for the estate of Benedict Riedel during

the four-year period between the death of Catherine Riedel, executor of the decedent's estate, and the respondents' motion for leave to renew, which was filed in October 2012. Further, although the plaintiff's counsel was directed to apply for the appointment of a legal representative within 30 days, counsel failed to provide a reasonable excuse for his failure to file such an application. Additionally, in the absence of any affidavit of merit and the prejudice to the respondents, it was appropriate to grant dismissal of this action insofar as asserted against them (*see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 AD3d at 619; *Borruso v New York Methodist Hosp.*, 84 AD3d 1293 [2011]; *Thompson v Clearway Auto., Inc.*, 50 AD3d 1014, 1015 [2008]; *Bauer v Mars Assoc.*, 35 AD3d 333, 333-334 [2006]). Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.

Separate motions by the respondent Deepak A. Kapoor and the respondent Robert Fuentes on an appeal from an order of the Supreme Court, Nassau County, entered January 24, 2013, inter alia, to strike portions of the appellant's brief and appendix on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated January 29, 2014, those branches of the motions were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers submitted in support of the motions and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that those branches of the motions which are to strike portions of the appellant's brief and appendix on the ground that they contain or refer to matter dehors the record are granted to the extent that pages 154 through 158 of the appendix filed by the appellant and all references to those pages in the appellant's brief are stricken and have not been considered upon the determination of the appeal, and those branches of the motions are otherwise denied. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.