(June 10, 2015)

■ RAMONA D. ALEJANDRO, Plaintiff, v NORTH TARRYTOWN REALTY ASSOCIATES et al., Respondents. DOMINGO ANTONIO BURGOS, Nonparty Appellant. [10 NYS3d 616]—

In an action to recover damages for personal injuries, nonparty Domingo Antonio Burgos, as administrator of the estate of Ramona D. Alejandro, appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated August 19, 2014, as granted the defendants' motion pursuant to CPLR 1021 to dismiss the complaint, with prejudice, for failure to timely substitute a representative, and denied that branch of his motion which was, in effect, pursuant to CPLR 1015 for leave to substitute himself as a party plaintiff in place of the plaintiff, Ramona D. Alejandro, and to amend the caption accordingly.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 1021 provides, in pertinent part, that if the event requiring the substitution of a party "occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate." CPLR 1021 requires a motion for substitution to be made within a reasonable time (*see Reed v Grossi*, 59 AD3d 509, 511 [2009]). The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit (*see Riedel v Kapoor*, 123 AD3d 996 [2014]; *Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 AD3d 618, 619 [2013]; *Largo-Chicaiza v Westchester Scaffold Equip. Corp.*, 90 AD3d 716, 717 [2011]).

Here, the administrator's failure to effect the required substitution until more than 6½ years after the decedent's death and nearly 5½ years after he was appointed administrator of the decedent's estate evinced a lack of diligence on the part of the administrator in prosecuting this action, which had

been pending for nearly eight years at the time the administrator sought substitution (*see Bauer v Mars Assoc.*, 35 AD3d 333, 333-334 [2006]; *McDonnell v Draizin*, 24 AD3d 628, 629 [2005]). The administrator failed to demonstrate a reasonable excuse for the delay in seeking substitution, which he did only after the defendants moved to dismiss the complaint (*see Borruso v New York Methodist Hosp.*, 84 AD3d 1293 [2011]; *Thompson v Clearway Auto., Inc.*, 50 AD3d 1014, 1015 [2008]; *Bauer v Mars Assoc.*, 35 AD3d at 333-334; *McDonnell v Draizin*, 24 AD3d at 629). Furthermore, the administrator failed to demonstrate a potentially meritorious cause of action through the submission of admissible evidence, and did not rebut the defendants' allegations of prejudice. Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion pursuant to CPLR 1021 to dismiss the complaint, with prejudice, and denying that branch of the administrator's cross motion which was, in effect, pursuant to CPLR 1015 for leave to substitute himself as a party plaintiff and to amend the caption accordingly (*see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 AD3d at 619; *Largo-Chicaiza v Westchester Scaffold Equip. Corp.*, 90 AD3d at 717; *Borruso v New York Methodist Hosp.*, 84 AD3d at 1294).

The administrator's contention that the Supreme Court did not obtain personal jurisdiction over him because the defendants' motion was served upon the decedent's attorneys, and not upon him personally, is improperly raised for the first time on appeal (*see Lischinskaya v Carnival Corp.*, 56 AD3d 116, 120-121 [2008]; *Matter of Felix M.*, 9 AD3d 432, 433 [2004]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.