Lois M. Rosenblatt, as Administrator of the Estate of ANTHONY W. NICHOLAS, Respondent, "
against
John Doe," Defendant, -and- JEAN LIMA, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered August 1, 2013. The order granted a motion by Lois M. Rosenblatt, as administrator of the estate of Anthony W. Nicholas, for, among other things, leave to substitute herself as plaintiff in place of Anthony W. Nicholas and to restore the action to the calendar.




ORDERED that the order is affirmed, without costs.
In this personal injury action, Jean Lima (defendant) appeals from an order of the Civil Court which granted a motion by Lois M. Rosenblatt, as administrator of the estate of Anthony W. Nicholas, for, among other things, leave to substitute herself as plaintiff in place of Anthony W. Nicholas, who died in May 2008, and to restore the action to the calendar. Upon a review of the record, we are of the opinion that, under the circumstances of this case, the Civil Court did not abuse its discretion in granting plaintiff's motion. The only issue raised by defendant on this appeal is a claim of prejudice because "the evidence has gone cold." However, defendant fails to identify any evidence that became unavailable as a result of the delay and therefore fails to show prejudice.
Pesce, P.J., and Solomon, J., concur.
Weston, J., dissents in a separate memorandum.
Weston, J., dissents and votes 1) to reverse the order and deny the motion by Lois M. Rosenblatt, as administrator of the estate of Anthony W. Nicholas, for, among other things, leave to substitute herself as plaintiff in place of Anthony W. Nicholas and to restore the action to the calendar, 2) to remit the matter to the Civil Court to amend the caption accordingly, and 3), on the court's own motion, to dismiss the complaint, in the following memorandum:
CPLR 1021 requires that a motion for substitution be made within a reasonable time after [*2]the event requiring substitution occurs (see Reed v Grossi, 59 AD3d 509, 511 [2009]), and that, "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit (see Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749 [2015]; Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d 716 [2011]; Borruso v New York Methodist Hosp., 84 AD3d 1293 [2011]).
In this personal injury action, the Civil Court improvidently exercised its discretion in granting a motion made in May 2013 by Lois M. Rosenblatt, as administrator of the estate of Anthony W. Nicholas, for, among other things, leave to substitute herself as plaintiff in place of Anthony W. Nicholas, who had died in May 2008, in light of the more than 41-month delay in obtaining preliminary letters testamentary, the further 7-month delay in seeking substitution, the failure to demonstrate a reasonable excuse for the delays, the absence of an affidavit of merit, and the potential prejudice to defendant (see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618 [2013]; Borruso v New York Methodist Hosp., 84 AD3d 1293; Thompson v Clearway Auto., Inc., 50 AD3d 1014 [2008]; Bauer v Mars Assoc., 35 AD3d 333 [2006]; Suciu v City of New York, 239 AD2d 338 [1997]; Mansfield Contr. Corp. v Prassas, 183 AD2d 878, 879 [1992]). Rather, the Civil Court should have denied the motion and dismissed the complaint.
Accordingly, the order should be reversed, the motion by Lois M. Rosenblatt, as administrator of the estate of Anthony W. Nicholas, for, among other things, leave to substitute herself as plaintiff in place of Anthony W. Nicholas and to restore the action to the calendar should be denied; the matter should be remitted to the Civil Court to amend the caption accordingly; and, on the court's own motion, the complaint should be dismissed.
Decision Date: March 03, 2017