Rosenblatt v Doe (2019 NY Slip Op 03642)





Rosenblatt v Doe


2019 NY Slip Op 03642


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-06446
 (Index No. 300673/07)

[*1]Lois M. Rosenblatt, etc., respondent, 
v
John Doe, defendant, Jean Lima, appellant.


Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for appellant.
Dinkes & Schwitzer, P.C., New York, NY (Howard R. Cohen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Jean Lima appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated March 3, 2017. The order affirmed an order of the Civil Court, Kings County (Robin K. Sheares, J.), dated August 1, 2013, granting the motion, in effect, of Lois M. Rosenblatt, as administrator of the estate of Anthony W. Nicholas, inter alia, for leave to substitute herself as the plaintiff in place of Anthony W. Nicholas, to amend the summons and complaint to reflect such substitution, and to restore the action to the trial calendar.
ORDERED that the order dated March 3, 2017, is reversed, on the law and in the exercise of discretion, with costs, and the motion is denied.
On January 5, 2004, Anthony W. Nicholas, while riding a bicycle, allegedly was injured when he was struck by a vehicle in a Brooklyn intersection. In December 2004, Nicholas commenced this action in the Supreme Court, Kings County, against John Doe and Jean Lima, the alleged owner(s) and operator(s) of the offending vehicle, to recover damages. In 2007, the Supreme Court transferred the action to the Civil Court of the City of New York, Kings County. On May 10, 2008, Nicholas, then a resident of Queens County, died. In or around October 2012, Lois M. Rosenblatt, Public Administrator of Queens County, filed a petition in the Surrogate's Court, Queens County, for temporary letters of administration for Nicholas's estate, which was granted in an order dated October 3, 2012. In May 2013, Nicholas's attorney moved, in effect, on behalf of Rosenblatt, inter alia, to substitute Rosenblatt as the plaintiff in the action, to amend the summons and complaint to reflect the substitution, and to restore the action to the active trial calendar. The Civil Court granted the motion, and the Appellate Term affirmed. We reverse.
"If a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015[a]). "A motion for substitution may be made by the successors or representatives of a party or by any party" (CPLR 1021).
CPLR 1021 requires a motion for substitution to be made within a reasonable time (see Reed v Grossi, 59 AD3d 509, 511). "The determination of reasonableness requires [*2]consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit" (Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749, 749; see Riedel v Kapoor, 123 AD3d 996).
Here, there was a gap of approximately 4½ years between Nicholas's death in May 2008 and when Rosenblatt petitioned for and received an order granting her temporary letters of administration in October 2012. Thereafter, another seven months elapsed until the motion for substitution was made. These circumstances evidence a lack of diligence in prosecuting this action (see Riedel v Kapoor, 123 AD3d at 996-997; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619). Furthermore, Rosenblatt failed to show any details demonstrating a potentially meritorious cause of action or that the defense would not be prejudiced by the substitution (see Laroche v Laroche, 162 AD3d 1000, 1002). Accordingly, the motion, in effect, of Lois M. Rosenblatt, as administrator of the estate of Anthony W. Nicholas, inter alia, for leave to substitute herself as the plaintiff in place of Anthony W. Nicholas, to amend the summons and complaint to reflect such substitution, and to restore the action to the calendar should have been denied.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court