Mingo v Nobandegani (2019 NY Slip Op 05974)





Mingo v Nobandegani


2019 NY Slip Op 05974


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2018-05011
 (Index No. 20456/03)

[*1]Jennifer Michelle Mingo, etc., et al., plaintiffs,
v
Jennifer Lynn Nobandegani, etc., appellant, et al., defendant; Brenda Bradley Rosado, etc., nonparty-respondent.


Martin Clearwater & Bell LLP, New York, NY (Gregory A. Cascino, Thomas A. Mobilia, and Anthony Chionchio of counsel), for appellant.
The Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (Theodore McKinley Thornton of counsel), for nonparty-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Jennifer Lynn Nobandegani, as executor of the estate of Fariborz Nobandegani, appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered January 22, 2018. The order, inter alia, granted those branches of the motion of Brenda Bradley Rosado which were to substitute Jennifer Michelle Mingo and Michael Mingo, Sr., as the co-administrators of the estate of Michael Anthony Bradley, as the plaintiffs, and to substitute Jennifer Lynn Nobandegani, as executor of the estate of Fariborz Nobandegani, as a defendant, and denied the cross motion, in effect, of Jennifer Lynn Nobandegani, as executor of the estate of Fariborz Nobandegani, to lift the automatic bankruptcy stay in this action for the limited purpose of dismissing the complaint insofar as asserted against Fariborz Nobandegani pursuant to CPLR 1021 due to Rosado's failure to timely move for substitution of Fariborz Nobandegani.
ORDERED that the order is affirmed, with costs.
This action, inter alia, to recover damages for medical malpractice and wrongful death, was commenced in August 2003 by Brenda Bradley Rosado, as a proposed administrator of the estate of Michael Anthony Bradley (hereinafter the decedent), against Mary Immaculate Hospital (hereinafter the hospital), Fariborz Nobandegani (hereinafter Fariborz), and Richard Johnson. Rosado alleged that the medical malpractice of the hospital, Fariborz, and Johnson, among other things, resulted in the decedent's death in August 2001. On April 2, 2004, letters testamentary for the decedent were issued to Jennifer Michelle Mingo and Michael Mingo, Sr. (hereinafter together the Mingos). In July 2005, Saint Vincent's Catholic Medical Centers of New York (hereinafter SVCM), of which the hospital was part, filed for Chapter 11 Bankruptcy, thereby imposing an automatic stay of this action pursuant to 11 USC § 362(a). The bankruptcy stay was lifted on April 8, 2010, at which point this action was restored to active status. However, on April 14, 2010, SVCM declared bankruptcy for a second time, thereby imposing another automatic stay of this action pursuant to 11 USC § 362(a). An additional stay pursuant to CPLR 1015(a) was imposed in this [*2]action when the Fariborz died on November 29, 2013. Letters testamentary with respect to the Fariborz were issued to Jennifer Lynn Nobandegani (hereinafter Nobandegani) on May 22, 2014. By Stipulation and Order dated June 21, 2017, the United States Bankruptcy Court for the Southern District of New York permitted Rosado to enter into a stipulation of discontinuance with SVCM, and therefore the hospital, and to file and prosecute a motion seeking entry of such stipulation of discontinuance in this action, thereby lifting the automatic bankruptcy stay. Within 60 days after the issuance of the bankruptcy court order, Rosado moved, inter alia, to substitute the Mingos, as the co-administrators of the decedent's estate, as the plaintiffs, and Nobandegani, as the executor of the estate of Fariborz, in place of Fariborz. Nobandegani opposed Rosado's motion, and cross-moved to lift the bankruptcy automatic stay in this action for the limited purpose of dismissing the complaint insofar as asserted against Fariborz pursuant to CPLR 1021 due to Rosado's failure to timely move for substitution of Fariborz. By order entered January 22, 2018, the Supreme Court granted the motion and denied the cross motion. Nobandegani appeals.
We note that Rosado's lack of capacity, initially, to bring the action has not been raised by the defendants as a basis for dismissal.
CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made . . . . The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit" (Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619; see Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749, 749; Riedel v Kapoor, 123 AD3d 996; Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d 716, 717; Borruso v New York Methodist Hosp., 84 AD3d 1293, 1294; Bauer v Mars Assoc., 35 AD3d 333, 333-334; McDonnell v Draizin, 24 AD3d 628, 629).
Here, the record does not support Nobandegani's contentions that there was a lack of diligence in the substitutions of Rosado and Fariborz, or that she was prejudiced by the 60-day delay in seeking the substitutions (see Tokar v Weissberg, 163 AD3d 1031; White v Diallo, 156 AD3d 664, 665; Public Adm'r v Levine, 142 AD3d 467, 468-469). Moreover, there is a strong public policy that matters should be disposed of on the merits (see White v Diallo, 156 AD3d at 665). Accordingly, we agree with the Supreme Court's determination granting Rosado's motion and denying the cross motion.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court