Petion v New York City Health & Hosps. Corp. (2019 NY Slip Op 06107)





Petion v New York City Health & Hosps. Corp.


2019 NY Slip Op 06107


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-03275
 (Index No. 31058/09)

[*1]Jeremiah Prince Petion, etc., et al., appellants,
v
New York City Health and Hospitals Corporation, et al., respondents.


Ronald Paul Hart, P.C., New York, NY, for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg, Claude Platton, and Nwamaka Ejebe of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated February 17, 2017. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 1021 for leave to substitute Jean Petion, as administrator of the estate of Jeremiah Prince Petion, deceased, as a party plaintiff in the action and to amend the caption accordingly, and pursuant to CPLR 3025 for leave to amend the complaint to assert a cause of action to recover damages for wrongful death, and granted the defendants' cross motion to dismiss the complaint pursuant to CPLR 1021.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the plaintiffs' motion which were pursuant to CPLR 1021 for leave to substitute Jean Petion, as administrator of the estate of Jeremiah Prince Petion, deceased, as a party plaintiff in the action and to amend the caption accordingly, and pursuant to CPLR 3025 for leave to amend the complaint to assert a cause of action to recover damages for wrongful death are granted, and the defendants' cross motion to dismiss the complaint pursuant to CPLR 1021 is denied.
As an initial matter, since the plaintiff Marie Petion commenced this medical malpractice action in her individual as well as representative capacity, the Supreme Court should not have directed dismissal of the complaint insofar as the causes of action were brought on her own
behalf (see CPLR 1021; Vicari v Kleinwaks, 157 AD3d 975, 977-978).
CPLR 1021 requires a motion for substitution to be made within a reasonable time (see Reed v Grossi, 59 AD3d 509, 511), and the determination of whether the timing is reasonable requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit (see Tokar v Weissberg, 163 AD3d 1031, 1032; see also White v Diallo, 156 AD3d 664, 665). Here, the plaintiffs moved, inter alia, for leave to substitute Jean Petion, who is the father of the plaintiff Jeremiah Prince Petion (hereinafter the deceased infant) and administrator of the deceased infant's estate (hereinafter the administrator), in place of the deceased infant as a party plaintiff and to amend the caption accordingly. Although the plaintiffs admit that the delay in seeking the substitution of the administrator was protracted (see Largo-Chicaiza v Westchester Scaffold Equip Corp, 90 AD3d 716, 717), the plaintiffs showed that there was no prejudice to the defendants because the defendants were on notice of the claims against them as early [*2]as February 2, 2009, when the plaintiffs filed a notice of claim against the defendant New York City Health and Hospitals Corporation, and the defendants possessed all of the relevant medical records (see Tokar v Weissberg, 163 AD3d at 1032; see also Public Adm'r v Levine, 142 AD3d 467, 469-470). In opposition, the defendants asserted only conclusory allegations of prejudice based solely on the passage of time (see Public Adm'r v Levine, 142 AD3d at 469-470; Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376, 378). The plaintiffs also demonstrated that they have potentially meritorious causes of action through their expert's affidavit of merit, the pleadings, and the testimony of Marie Petion at the General Municipal Law § 50-h hearing (see Tokar v Weissberg, 163 AD3d at 1033; see also Public Adm'r v Levine, 142 AD3d at 469). Accordingly, in light of the strong public policy favoring the resolution of actions on the merits (see e.g. White v Diallo, 156 AD3d at 665; Reed v Grossi, 59 AD3d at 511), and the lack of any prejudice to the defendants, the Supreme Court should have granted that branch of the plaintiffs' motion (see Tokar v Weissberg, 163 AD3d at 1033; Reed v Grossi, 59 AD3d at 511).
The Supreme Court also should have granted that branch of the plaintiffs' motion which was for leave to amend the complaint to assert a cause of action for wrongful death. The original complaint gave notice of the transactions and occurrences on which the wrongful death cause of action in the amended complaint is based, making the wrongful death cause of action timely under the relation-back doctrine (see CPLR 203[f]; Caffaro v Trayna, 35 NY2d 245, 250; see also Assevero v Hamilton & Church Props., LLC, 154 AD3d 728, 730).
We also disagree with the Supreme Court's determination granting the defendants' cross motion to dismiss the complaint insofar as the causes of action were brought on behalf of the deceased infant pursuant to CPLR 1021 for failure to timely substitute a representative. The defendants failed to demonstrate that they were prejudiced by the delay in the substitution of the administrator as a party plaintiff, or that the causes of action brought on behalf of the deceased infant lacked potential merit (see Tokar v Weissberg, 163 AD3d at 1032-1033; see also Largo-Chicaiza v Westchester Scaffold Equip Corp, 90 AD3d at 717).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court