Davis v Port (2023 NY Slip Op 50767(U))

[*1]

Davis v Port

2023 NY Slip Op 50767(U)

Decided on July 26, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 26, 2023
Supreme Court, New York County

Paul Davis, Plaintiff,

against
Larry Port, RAYMOND WECHSLER, JEFFREY HUGHES, CERBERUS CAPITAL, LLC, Defendant.

Index No. 654027/2013

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 013) 747, 748, 749, 750, 751, 753, 754, 755, 756, 757 were read on this motion to PARTIES -DD/SUBSTITUTE/INTERVENE.
In this action for shareholder rights, plaintiff Paul Davis (Davis) moves, pursuant to CPLR 1015 (a) and CPLR 1021 (i), to substitute defendant Jeffrey Peter Hughes (Hughes), deceased, with Bettysue Hughes, executor for the estate of Jeffrey Hughes, as defendant, and then (ii) to amend the case caption accordingly.
Pursuant to CPLR 1015(a), "if a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties." According to plaintiff's submission, Hughes passed away on February 28, 2018. New York County Surrogates Court issued Letters Testamentary on July 18, 2018, appointing Bettysue Hughes, with an address at 1040 Fifth Avenue, Apt. 7 C, New York, NY 10028, Fiduciary for Hughes' Probate Proceeding (the "Executor"). Plaintiff's counsel has annexed a copy of the Surrogates Court Certificate appointing the Executor to the affirmation in support of plaintiff's motion as exhibit 1.
Here, plaintiff's counsel provides sufficient documentary evidence to support the court's finding that Bettysue Hughes is the duly appointed executor of Hughes' estate under the laws of New York and thus is the proper party for substitution (see TAG 380, LLC v Estate of Ronson, 69 AD3d 471, 474 [1st Dept 2010]). However, Hughes argues that plaintiff's motion for substitution should be denied. According to Hughes, plaintiff failed to institute a timely substitution proceeding. 
Under CPLR 1021, "[a] motion for substitution may be made by the successors or representatives of a party or by any party." Such a motion must be made timely. "If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate" (CPLR 1021).
The determination of "reasonableness" under CPLR 1021 "requires consideration of several factors, including the diligence of the party seeking substitution, prejudice to other parties, and whether the party to be substituted has shown that the action or the defense has merit" (Borruso v New York Methodist Hosp., 84 AD3d 1293, 1294 [2d Dept 2011]). To [*2]sufficiently establish diligence in filing the substitution motion, the plaintiff must offer a substantiated, non-vague explanation (id.). 
In July 2018, the New York Surrogate's Court appointed Bettysue Hughes as the Executor of the Hughes Estate. Yet from that time until now, according to the opposition, Davis "sat on his rights," for almost four years, in moving to substitute Hughes's Estate. Hughes argues that "courts in this jurisdiction have repeatedly denied motions to substitute (and dismissed actions altogether) for failure to timely initiate substitution proceedings" (memo of law in opposition, NYSCEF doc no. 755). 
The Executor relies on two main facts to support the argument that this substitution would be prejudicial. She argues that the delay is prejudicial "given the Executor's advanced age," and, moreover, that the "ultimate disposition of the case may also turn on testimonial evidence rather than only 'documentary evidence'" (memo of law in opp at 7).
With respect to the question of diligence in seeking this substitution, plaintiff argues that any delay in filing this motion for substitution is not due to neglect or a general pattern of delay. Plaintiff blames the delay in the substitution upon the director defendant's dispositive motions as well as plaintiff's difficulty in locating Hughes' Surrogate Court proceeding, due to a lack of information regarding Hughes' last place of residence and the existence and or venue of Hughes' Surrogate Court proceeding (Bolatti Aff., NYSCEF doc. no. 748, ¶5; Bolatti Reply Aff., NYSCEF doc. no. 756, ¶3]). According to plaintiff, "Surrogate Court records could not be searched and were not accessible online and required Davis to first investigate decedent's last place of residence to identify the jurisdiction where probate proceedings might have been commenced, information that Hughes' former counsel and the Director Defendants either lacked or failed to disclose . . . . Once Davis located Hughes' probate proceedings, he diligently filed this substitution motion" (Plaintiff Reply, NYSCEF doc. no. 757, pg. 10 [internal citation omitted]).
The court finds that this detailed explanation as to delay is sufficient to satisfy the requirements as to reasonableness of plaintiff's diligence in making this motion under CPLR 1021.
Furthermore, in order for a party prevail on a CPLR 1021 motion to dismiss for failure to substitute, the party must show that the failure to secure substitution in a timely fashion resulted in undue prejudice (Noriega v Presbyterian Hosp. in City of NY, 305 AD2d 220, 221 [1st Dept 2003]).
The sole ground Hughes offers as demonstrating prejudice to her (i.e., the passage of time), is not, in itself, a sufficient basis for finding prejudice (Public Adm'r v Levine, 142 AD3d 467, 470 [1st Dept 2016]). In Rocha Toussier y Asociados, S.C. v Rivero, the Appellate Division held: "[a] motion for substitution should be granted in the absence of prejudice and prejudice will ordinarily not be found given an identity of interest between the decedent and the remaining parties" (184 AD2d 398, 399 [1st Dept 1992][citations omitted]).
The court does not find that this substitution would prejudice the defendants. Although Hughes' death was in February 2018 and the Executor was appointed in July 2018, and this motion for substitution was not filed by plaintiff until February 2023, the court finds no prejudice in this delay that would hinder defendants' ability to represent themselves in this action.
The director defendants, including the Executor, are all represented by the same counsel, Mayer Brown. Mayer Brown represented the two surviving director defendants, Larry Port and [*3]Raymond Wechsler, at the preliminary conference in February 2022, and continues that representation to this day. As in Rocha, an identity of interest exists between decedent Jeffrey Hughes and the surviving director defendants in the instant action regarding the sole surviving count against the director defendants, the first cause of action for breach of sufficient information duty relating to the merger. 
Furthermore, the court does not find the Executor's argument regarding prejudice to be persuasive. The court does not find the Executor's age, or the defense's purported need for additional documents or testimony, to be sufficient 'prejudice' warranting dismissal. The Executor has not argued or established that the passage of time has specifically led to the unavailability of witnesses or any other evidence in this matter. The passage of time, standing alone, does not establish prejudice (see Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376, 378 [1st Dept 2004]).
Accordingly, it is hereby
ORDERED that plaintiff Paul Davis' motion pursuant to CPLR 1015(a) and CPLR 1021 (i) to substitute defendant Jeffrey Peter Hughes (Hughes), deceased, with Bettysue Hughes, executor for the estate of Jeffrey Hughes, as defendant, and then (ii) amend the case caption accordingly (mot. seq. 013) is granted; and it is further
ORDERED that the caption is amended as follows:
__________________________________________
Paul Davis, in his individual capacity and as
Assignee of claims of Scottish Re Group Limited,                                                    Plaintiff,                                           
-against-
Larry Port, Raymond Wechsler, Bettysue Hughes,
as Executor of the Estate of Jeffrey Peter Hughes,
deceased, and Cerberus Capital Management, L.P,                                                   Defendants.
__________________________________________________
and it is further
ORDERED that movant shall, within 30 days from service of a copy of this order with notice of entry, serve the summons and complaint so amended upon defendants and file same with the County Clerk with proof of service; and it is further
ORDERED that movant shall, within said 30-day period, serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further
ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website]; and it is further
ORDERED that the County Clerk and the Trial Support Clerk are directed to amend the caption accordingly, and the parties shall use the amended caption in all future court filings.
DATE 07/26/2023
ROBERT R. REED, J.S.C.